## ATCHISON, T. & S. F. RY. CO. v. FREDERICKSON.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

No. 1,734.

1. COURTS (§ 322*)—JURISDICTION OF FEDERAL COURTS—AVERMENT OF CITI-
ZENSHIP.

A mere averment that a party is a resident or inhabitant of a certain state is not an averment of his citizenship in that state, for the purpose of showing the jurisdiction of a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 878; Dec. Dig. § 322.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 325*)—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITI-
ZENSHIP.

Absence of sufficient averment of diversity of citizenship, or of facts in the record showing such diversity, is fatal to the jurisdiction of a federal court, where no other ground of jurisdiction appears, and the defect cannot be waived by the parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 884; Dec. Dig. § 325.*]

In Error to the Circuit Court of the United States for the Southern Division of the Southern District of California.

Action by Andrew J. Frederickson against the Atchison, Topeka & Santa Fé Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

E. W. Camp, U. T. Clotfelter, and A. H. Van Cott, for the plaintiff in error.

Burt Chellis and J. W. Swanwick, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge. The plaintiff in error raises in this court for the first time the question of the jurisdiction of the Circuit Court. There was no ground of jurisdiction other than diversity of the citizenship of the parties, and the only allegation as to the citizenship of the defendant in error was that "he is an inhabitant of the city of Los Angeles, in the county of Los Angeles, state of California." On the witness stand he testified that his "home" was in Detroit, Mich. To allege that one is an inhabitant is not to allege that he is a citizen. United States v. Rhodes, 1 Abb. U. S. 39, Fed. Cas. No. 16,151. It is equivalent only to saying that he is a resident. "It has long been settled," said Mr. Justice Harlan, "that residence and citizenship are wholly different things, within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the Circuit Courts of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the United States, and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." Steigleder v. McQueston, 198 U. S. 141, 25 Sup. Ct. 616, 49 L. Ed. 986, citing Parker v. Overman, 18 How. 137, 15 L. Ed. 318; Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Everhart v. Huntsville College, 120 U. S. 223, 7 Sup. Ct. 555, 30 L. Ed. 623; Timmons v. Elyton Land Co., 139 U. S. 378, 11 Sup. Ct. 585, 35 L. Ed. 195; Denny v. Pironi, 141 U. S. 121, 11 Sup. Ct. 966, 35 L. Ed. 657; Wolfe v. Hartford L. & A. Ins. Co., 148 U. S. 389, 13 Sup. Ct. 602, 37 L. Ed. 493.

Absence of sufficient averments of diversity of citizenship, or of facts in the record showing such diversity, is fatal; and the defect cannot be waived by the parties, nor can their consent confer jurisdiction. Thomas v. Board of Trustees, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. 160.

It follows that the judgment must be reversed, and the cause remanded to the Circuit Court, with instructions to dismiss the same.