### ATCHISON, T. & S. F. RY. CO. v. GILLILAND.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1912.)

No. 1,945.

**1. COURTS (§ 322*)—JURISDICTIONAL AVERMENT—OMISSION—CORRECTION BY AMENDMENT.**

Where, in an action in a federal court, the requisite diversity of citizenship essential to jurisdiction exists, but is not alleged in the complaint, the defect may be cured after verdict by amendment, under Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), providing that the trial court may at any time permit either of the parties to amend any defect in the process or pleadings on such conditions as it shall in its discretion and by its rules prescribe.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*]

**2. COURTS (§ 325*)—FEDERAL COURTS—JURISDICTION—DISTRICT—WAIVER.**

Where neither plaintiff nor defendant resided in the district where the action was commenced, but defendant answered without making any objection to the court's jurisdiction, and participated in the trial on the merits, the court having had jurisdiction, defendant thereby waived its right to object that the court had no local jurisdiction, under Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), providing that, when jurisdiction is founded on diversity of citizenship, suit shall be brought only in the district of the residence of either the plaintiff or defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 884; Dec. Dig. § 325.*

Waiver of right as to district in which suit may be brought, see notes to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

In Error to the Circuit Court of the United States for the Southern Division of the Southern District of California.

Action by Alice M. Gilliland against the Atchison, Topeka & Santa Fé Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. W. Camp and A. H. Van Cott, for plaintiff in error.

W. O. Morton, Newman Jones, and Harry A. Hollzer, for defendant in error.

Before MORROW, Circuit Judge, and HANFORD and WOLVERTON, District Judges.

MORROW, Circuit Judge. This action was brought by the defendant in error, plaintiff in the court below, in the Circuit Court of the United States for the Southern District of California, Southern Division, to recover damages in the sum of $15,000 for alleged injuries sustained by the defendant in error while riding as a passenger on one of the cars belonging to the plaintiff in error, which, as alleged, by reason of the negligence of the plaintiff in error was derailed, and the defendant in error injured. The complaint did not state any jurisdictional fact, except the amount in controversy, which it appears from the allegation as to damages exceeded, exclusive of interest and costs, the sum or value of $2,000. The plaintiff in error appeared and answered the complaint, denied the injuries to the defendant in error, and that she had been injured by any alleged negligence of the plaintiff in error. The case was tried by the court and jury, and verdict rendered in favor of the defendant in error in the sum of $5,000, upon which a judgment was entered. The case is brought here by the plaintiff in error, upon a writ of error, and upon a record consisting of the complaint, an amendment thereto, the answer to the complaint, verdict, and judgment.

The plaintiff in error now asks that the judgment of the court below be reversed and the case remanded, with instructions to dismiss the case for want of jurisdiction. Counsel for the defendant in error informs the court that the defendant in error is now, and at the time of the commencement of the action was, a citizen and domiciled in and a resident of the state of New York, and asks that the cause be remanded, with leave to amend the complaint and be permitted to prove that fact. It appears that plaintiff in error is now, and at the time of the commencement of this action was, a corporation duly organized and existing under the laws of the state of Kansas, having its principal office and place of business in that state. Had the citizenship of the defendant in error in the state of New York been alleged in the complaint and established by proof, there would have been diversity of citizenship in the parties plaintiff and defendant, and the Circuit Court would have had general jurisdiction over the controversy; but such diversity of citizenship would not have given the Circuit Court of the United States for the Southern District of California jurisdiction of the case, for the reason that it was not the residence of either the plaintiff or defendant. Section 1 of Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), provides:

"When the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

193 F.—39

But where there is diversity of citizenship between the parties plaintiff and defendant, and the defect of jurisdiction is that the action was not brought in the proper district, the defect may be waived, and will be deemed to have been waived by the defendant, where he appears and pleads to the merits. St. Louis, etc., Ry. Co. v. McBride, 141 U. S. 127, 131, 11 Sup. Ct. 982, 35 L. Ed. '659; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904; Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 53 L. Ed. 1101; Kreigh v. Westinghouse Co., 214 U. S. 249, 29 Sup. Ct. 619, 52 L. Ed. 984. The defendant did appear in this case and answered the complaint, making no objection to the jurisdiction of the court. Furthermore, there was a trial of the case upon the merits, and a verdict for the plaintiff, and there is no bill of exceptions alleging errors.

[1] The objection that diversity of citizenship was not alleged in the complaint is a defect that may be cured after verdict, by amendment, under the provisions of section 954 of the Revised Statutes (U. S. Comp. St. 1901, p. 696). That section provides that the trial court "may at any time permit either of the parties to amend any defect in the process or pleadings upon such conditions as it shall, in its discretion and by its rules, prescribe."

In Mexican Central Railway v. Duthie, 189 U. S. 76, 23 Sup. Ct. 610, 47 L. Ed. 715, there was the same defect in the complaint as in this case. There was also a trial, and verdict in favor of the plaintiff, and a judgment upon the verdict. The plaintiff discovered the defect in the allegation of the complaint before the case had passed from the jurisdiction of the Circuit Court, and applied and obtained leave from the court to amend the complaint, and the complaint was accordingly amended. Thereupon the defendant appealed to the court to certify to the Supreme Court of the United States the question of jurisdiction to amend and to retain the judgment after such amendment. A certificate was granted, and upon the question submitted in the certificate the judgment of the lower court was affirmed. The Supreme Court, speaking through Mr. Chief Justice Fuller, said:

"If the complaint or petition had remained as it was originally framed, and the case had been carried to the Circuit Court of Appeals, that court would have been constrained to reverse the judgment and remand the cause for a new trial, with leave to amend"—citing Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32 L. Ed. 543, and Horne v. Hammond Company, 155 U. S. 393, 15 Sup. Ct. 167, 39 L. Ed. 197.

The Chief Justice did not say that the Circuit Court of Appeals would have been constrained to set aside the verdict. The remanding of the cause for a new trial with leave to amend would therefore have been only for the purpose of determining the issue as to the jurisdiction of the court. We are therefore of the opinion that it is not necessary to set aside the verdict in this case.

[2] No question has been raised as to the regularity of the proceedings resulting in a verdict. All the questions presented by the pleadings have been determined, and the only question remaining is the one now presented in this court for the first time, with respect to the defect in the allegation of the complaint regarding jurisdiction.

The defendant had the opportunity of raising that question in the court below. If the general jurisdiction of the court did in fact depend upon the diverse citizenship of the parties, and the objections are (1) that it was not so alleged in the complaint and (2) that neither the plaintiff or defendant resided in the district where the action was commenced, the answer with respect to the first objection is that the defect cannot be waived, but may be cured by amendment. Continental Ins. Co. v. Rhoads, 119 U. S. 237, 239, 7 Sup. Ct. 193, 30 L. Ed. 380; Halsted v. Buster, 119 U. S. 341, 11 Sup. Ct. 782, 35 L. Ed. 484; Everhart v. Huntsville College, 120 U. S. 223, 7 Sup. Ct. 555, 30 L. Ed. 623; King Bridge Co. v. Otoe County, 120 U. S. 225, 226, 7 Sup. Ct. 552, 30 L. Ed. 623; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 874, 30 L. Ed. 914; Fitchburg R. Co. v. Nichols, 85 Fed. 869, 29 C. C. A. 464; Grand Trunk Ry. Co. v. Reddick, 160 Fed. 898, 88 C. C. A. 80. And with respect to the second objection the answer is that if the court has general jurisdiction the defect as to local jurisdiction can be waived, and where the defendant has appeared and answered he cannot thereafter challenge the jurisdiction of the court on the ground that the suit has been brought in the wrong district. First National Bank v. Morgan, 132 U. S. 141, 145, 10 Sup. Ct. 37, 33 L. Ed. 282; Fitzgerald Construction Co. v. Fitzgerald, 137 U. S. 98, 105, 11 Sup. Ct. 36, 34 L. Ed. 608; St. Louis, etc., Ry. Co. v. McBride, 141 U. S. 127, 131, 11 Sup. Ct. 982, 32 L. Ed. 659; Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 603, 12 Sup. Ct. 905, 36 L. Ed. 829.

The plaintiff in error, suggesting the lack of jurisdiction of the lower court, refers to the case of the Atchison, Topeko & Santa Fé Ry. Co. v. Frederickson, 177 Fed. 206, 101 C. C. A. 376, and asks upon the authority of that case that the judgment of the Circuit Court be reversed and the case remanded, with instructions to dismiss the cause of action. In that case no application was made to the court to amend the complaint showing that the Circuit Court had jurisdiction. In the absence of such an application this court had no alternative but to reverse the judgment and remand the cause, with instructions to dismiss the same. In the present case we are asked to accord to the plaintiff the benefit of a statute allowing an amendment showing jurisdiction, and this relief we cannot refuse. We are therefore of the opinion that the court below should be directed that the plaintiff be allowed to amend her complaint in accordance with the facts, and that the defendant be given an opportunity to meet the new issue thus raised, and have it determined according to law. If upon such determination it be found that there is diverse citizenship between the parties, a judgment will be re-entered upon the verdict accordingly.

It is ordered that the judgment of the Circuit Court be reversed, without cost to either party in this court, and the case be remanded for further proceedings in accordance with this opinion.

WOLVERTON, District Judge, concurs.