ATLANTIC COAST LINE R. CO. v. WHILDEN.

(Circuit Court of Appeals, Fifth Circuit.    April 9, 1912.)

No. 2,214.

1. COURTS (§ 322*)—DECLARATION—SUFFICIENCY—JURISDICTION.

A declaration, stating that plaintiff is a citizen of Florida and that defendant is a "corporation and citizen of the state of Virginia," is insufficient to show jurisdiction in a federal Circuit Court on the ground of diversity of citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*]

2. COURTS (§ 405*)—REVERSAL—GROUNDS—JURISDICTION.

The Circuit Court of Appeals must reverse a judgment for plaintiff, where the record fails to show jurisdiction of the court below.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1103; Dec. Dig. § 405.*]

In Error to the Circuit Court of the United States for the Southern District of Florida.

Action by Willie M. Whilden against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. A. Carter, for plaintiff in error.

Hilton S. Hampton, for defendant in error.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

SHELBY, Circuit Judge.    [1, 2] There is no claim that the Circuit Court had jurisdiction in this cause, except upon the ground that it is a controversy between citizens of different states. It is alleged that Whilden, the plaintiff below, is a citizen of the state of Florida; but neither the declaration nor any other part of the record shows under what law the defendant corporation was chartered. The averment is that it is a "corporation and citizen of the state of Virginia." To give the court below jurisdiction, it is necessary for the record to show that the defendant corporation was created by a state whereof the plaintiff was not a citizen. When the record fails to show the jurisdiction of the court below, this court is required to reverse the judgment. Knight v. Lutcher & Moore Lumber Company, 136 Fed. 404, 406, 69 C. C. A. 248, and cases there cited; Muller v. Dows, 94 U. S. 444, 24 L. Ed. 207.

The judgment is reversed, and the cause remanded.

NOTE: The reversal of the judgment in such case does not necessarily set aside the verdict. The cause being remanded, the declaration may be amended so as to show jurisdiction. If jurisdictional averments are denied, that issue may be determined in the trial court. Atchison, T. & S. F. Railroad Company v. Gilliland, 193 Fed. 608, 113 C. C. A. 476.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes