## LACK v. ROBINEAU et al.

(District Court, S. D. Florida. November 7, 1925.)

No. 366.

1. **Specific performance ⬚114(4)—Bill based on option held insufficient, in not alleging option was seasonably exercised.**

Bill for specific performance, based on option making time of essence, *held* insufficient, in not alleging option was exercised seasonably or otherwise; allegation that complainant was ready, willing, and able at all times to comply with contract not being tantamount to allegation of seasonable exercise.

2. **Courts ⬚322(2)—Citizenship not pleaded by allegation of residence.**

Citizenship is not pleaded by mere allegation of residence.

3. **Specific performance ⬚1, 103—Specific performance is action in personam; property need not be within territorial jurisdiction, if jurisdiction of person obtained.**

Suit for specific performance is an action in personam, and, if the court has acquired

jurisdiction of the person, it is not necessary that the property be within the territorial jurisdiction of the court.

In Equity. Suit by Joseph J. Lack against S. P. Robineau and others. On motion to dismiss amended bill. Motion granted.

Axleroad & Ryer, of Miami, Fla., for complainant.

Twyman & McCarthy, of Miami, Fla., for defendants.

CALL, District Judge. This cause comes on for a hearing upon the motions of defendants to dismiss the amended bill of complaint. The amended bill is brought against S. P. Robineau, as trustee and personally, the South Atlantic Realty Company, a corporation, Max Dubler, Joseph M. Gusky, and Walter L. Harris as defendants. Citizenship in the state of Florida is alleged as to Robineau and the South Atlantic Realty Company. Residence in Miami, Fla., only, is alleged as to Max Dubler, Joseph M. Gusky, and Walter L. Harris.

The amended bill sets out in hæc verba the option executed by Robineau, as trustee to the South Atlantic Realty Company, of certain lands in Alachua county, Fla., as described in a certain deed, giving the date, parties, and page and book of the records of Alachua county. It then proceeds to allege that the South Atlantic Realty Company sold to complainant a one-half interest in this contract of option, and that the realty company refused to join in the bill and was therefore made a party defendant. There are also some general allegations as to the conduct of all the defendants, as well as allegations that complainant paid the realty company $5,000 in pursuance of his contract, which $5,000 was received by Robineau. There is also a general allegation that the defendants sold the real estate to the realty company. Upon these allegations the complainant prays for a specific performance by the defendants.

[1] There is no allegation in the amended bill of complaint that the option was exercised by the realty company, or any one in its behalf. There is a general allegation that the complainant was ready, willing, and able at all times to comply with the contract. This is not tantamount to an allegation that the option was exercised within the time for which such option was given, for by the terms of the option "time" was of the essence of the contract, and must have been exercised, money paid, and papers delivered before noon of May 4, 1925.

Yet nowhere in the bill is it alleged that this was done and the deed demanded, either by the realty company or the complainant in its behalf. This is necessary before the complainant would have any standing in a court of equity to ask for specific performance.

[2] There are many questions raised in the motions which I have not considered, such as the right of the complainant who claims to have bought a one-half interest from the realty company in the option obtained by it from Robineau, as trustee, etc. I would, however, point out the fact that there is no allegation of citizenship as to the last three defendants mentioned above. An allegation of residence is not equivalent to citizenship. Neither does the bill in any manner connect them with the transaction, except as to one of whom it is alleged that certain things were done as president of the realty company. There is no reason apparent on the face of the bill why these persons were made parties thereto.

[3] Suits for specific performance are actions in personam, and if the court has acquired jurisdiction of the person, it is not necessary that the property should be within the territorial jurisdiction of the court.

I am of opinion, therefore, that the motions to dismiss the amended bill should be granted.

It will be so ordered.