Brown & Belford, of Reno, Nev., for defendant.

## WYMAN v. WYMAN.

### No. 208.

District Court, D. Nevada.

April 30, 1943.

NORCROSS, District Judge.

Complaint in this action was filed April 15, 1942. It is based on a judgment entered by the Supreme Court of the State of New York, February 7, 1942, for unpaid alimony from May 21, 1936 to May 21, 1941, in the sum of $52,000. The case is similar to another action instituted in this court by plaintiff against defendant, July 24, 1936, based on a judgment for alimony at the same rate, $200 per week, as theretofore determined by said New York court in a suit instituted December 30, 1932, which judgment was entered by the New York court, June 10, 1936. The case, last

referred to, was first determined by this court upon a motion on behalf of defendant for judgment of dismissal on the pleadings. The motion was granted. An appeal was taken to the Circuit Court of Appeals and the judgment reversed, February 14, 1940, and the case remanded "for trial of the issues of fact raised", Wyman v. Wyman, 9 Cir., 109 F.2d 473, 474. Trial was had and judgment for defendant ordered October 7, 1940, findings of fact and judgment entered for defendant, December 21, 1940. An appeal was not taken from the judgment. Defendant did not appear in the further proceedings in the New York court resulting in the judgment sued upon in the present case. Plaintiff, in the case now before the court, alleged in her complaint: "That the plaintiff is a citizen of the State of New York, residing in the City of New York, in said State." This allegation was denied by defendant in his answer. At the time of trial no evidence was submitted by plaintiff in support of her allegation of citizenship in the State of New York. Counsel for plaintiff relied upon the following excerpt from the judgment sued upon: "Ordered, that the Clerk of the County of Suffolk be and he hereby is directed to enter judgment in favor of the plaintiff, Hazel C. Wyman, of No. 45 Prospect Place, New York City, New York * * *."

It will be observed the excerpt makes no reference to citizenship. Residence and citizenship are two different matters when it relates to a matter of jurisdiction. Proof of citizenship when made an issue must be established as of the time suit is brought. Realty Holding Co. v. Donaldson, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014; Lack v. Robineau et al., D. C., 9 F.2d 406, 407; Atchison, T. & S. F. Ry. Co. v. Frederickson, 9 Cir., 177 F. 206; Royalty Service Corp. v. Los Angeles, 9 Cir., 98 F.2d 551. Upon the conclusion of the trial the court requested respective counsel to brief the question of jurisdiction raised by the issue respecting residence. An opening brief was filed on behalf of defendant citing the authorities above referred to and a number of others. No brief was filed by counsel for plaintiff, a letter being addressed to the clerk of the court stating: " * * * I have decided to file no brief in opposition * * *."

Independent of the question of jurisdiction, this suit presents questions of law similar to those presented in the prior case, above referred to, from which no appeal was taken from the judgment. The only other questions here involved, not presented in the prior case, would be the amount of the judgment prayed for, and the appearance or failure to appear in the proceedings in the New York court upon which the respective judgments were based. Any such variance would not strengthen the position of plaintiff on the merits of the present action. See, also, Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. ——.

It is the conclusion of the court that defendant is entitled to a judgment dismissing the action for want of jurisdiction.

It is so ordered.