### GRAND TRUNK WESTERN RY. CO. v. REDDICK.

(Circuit Court of Appeals, Seventh Circuit. January 14, 1908. Rehearing Denied May 6, 1908.)

#### No. 1,389.

1. COURTS—JURISDICTION OF CIRCUIT COURT OF APPEALS—JURISDICTIONAL QUESTIONS.

Where a judgment of a Circuit Court is taken by writ of error to the Circuit Court of Appeals for review on the merits, that court may certify the question of the jurisdiction of the Circuit Court to the Supreme Court for decision, or it may itself determine such question.

2. SAME—FAILURE TO ALLEGE JURISDICTIONAL FACTS—EFFECT OF ADMISSIONS ON TRIAL.

An admission made on the trial of an action in the Circuit Court of "the liability of defendant in this case and everything as alleged except the measure of damages" does not cure the omission of the declaration to allege facts giving the court jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 816.]

3. DEATH—ACTION—DAMAGES—EVIDENCE.

Upon the question of the damages sustained by the wife and children of a person killed by reason of his death, it was not error to permit the health, character, and earning capacity of the deceased to be shown for the period extending back from the time of his death to his young manhood; and in such connection evidence showing his earnings during the time of a partnership formed for carrying on his trade as a skilled workman 15 years before his death was admissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 88.]

4. WITNESSES—CROSS-EXAMINATION—LIMITATION TO SUBJECT OF DIRECT EXAMINATION.

The sustaining of an objection to a question asked on cross-examination of a witness, relating to a matter gone into only on such cross-examination, *held* not error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 949–954.]

5. APPEAL AND ERROR—REVERSAL—REMAND TO TRY QUESTION OF JURISDICTION.

Where a cause has been properly tried on the merits in a Circuit Court and a judgment rendered for plaintiff, on a reversal because of the fail-

ure of the declaration to allege the requisite diversity of citizenship between the parties to give the court jurisdiction, it is competent for the appellate court to remand with leave to permit an amendment, and to try the question of jurisdiction alone, if issue is taken thereon according to the practice with respect to pleas in abatement.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Leiferman was killed in an accident in Illinois on the railroad of plaintiff in error, defendant below. Suit by Reddick, as administrator, was begun in the court below and prosecuted to judgment. The only rulings of the court that are challenged in the assignments of error concern the admissibility of evidence. Reversal is also sought on the further grounds that the verdict of $10,000 is larger than the evidence warranted the jury in returning, and that the record fails to show that the citizenship of the parties was of the requisite diversity.

George W. Kretzinger, for plaintiff in error.

Oliver R. Barrett, for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. The declaration is wanting in proper averments respecting the citizenship of the parties, and defendant contends that the record nowhere supplies the omission. Preliminarily it is necessary to consider plaintiff's insistence that we lack the power to determine the question of the Circuit Court's jurisdiction.

The subject-matter of this suit was not governed nor affected by federal law, and so, if jurisdiction existed, it rested wholly on diversity of citizenship. In cases of this character, if the defeated defendant is content to rest his writ of error upon the question of the Circuit Court's jurisdiction, he may go directly to the Supreme Court with that question alone. But he cannot present the merits of the controversy to the Supreme Court for review, because the Courts of Appeals are given exclusive and final jurisdiction of the writ of error in that respect. Sections 5, 6, Act March 3, 1891, c. 517, 26 Stat. 827 (U. S. Comp. St. 1901, p. 549). "The general intention of the act was to distribute the appellate jurisdiction and to permit an appeal to only one court." Huguley Co. v. Galeton Mills, 184 U. S. 290, 295, 22 Sup. Ct. 452, 454, 46 L. Ed. 546. Conceding that the record has been properly brought here, plaintiff puts his denial of our right to decide the jurisdictional question which is presented by this record (and which inheres, whether raised or not, in every record) upon his contention that the Supreme Court has construed our power to deal with the question as being limited to certifying it to that court. The contention, which is supported by decisions of the Court of Appeals for the Second Circuit (Sun Ptg. Ass'n v. Edwards, 121 Fed. 826, 58 C. C. A. 162; Boston, etc., R. Co. v. Gokey, 149 Fed. 42, 79 C. C. A. 64), finds its ultimate base in what appears to us to be a mistaken interpretation of the following quotation from McLish v. Roff, 141 U. S. 661, 669, 12 Sup. Ct. 118, 120, 35 L. Ed. 893:

"When that judgment is rendered, the party against whom it is rendered must elect whether he will take his writ of error or appeal to the Supreme

Court upon the question of jurisdiction alone, or to the Circuit Court of Appeals upon the whole case. If the latter, then the Circuit Court of Appeals may, if it deem proper, certify the question of jurisdiction to this court."

Clearly the contention comes to this: The power to certify excludes the power to decide. But whence comes, and what is the nature of, the power to certify? Beyond doubt this court has only the powers that are expressly conferred by the organic act and its supplements. One of the provisions of section 6 is that:

"In every subject within its appellate jurisdiction the Circuit Court of Appeals at any time may certify to the Supreme Court of the United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision."

The decision, the adjudication between the parties, must come from the Court of Appeals. The Supreme Court in such a matter limits its pronouncement to answering the certified questions, so that the Court of Appeals in the light of that instruction may properly decide what it had authority to decide without advice. This, it seems to us, is the reason of a matter that should also be taken to have been settled by authority when the Supreme Court said:

"The power to certify assumes the power to decide." American Sugar Co. v. New Orleans, 181 U. S. 277, 282, 21 Sup. Ct. 646, 648, 45 L. Ed. 859.

The omissions of the declaration are supplied, so plaintiff claims, by the following admission made at the trial:

"Counsel for defendant admit the liability of defendant in this case and everything as alleged, except the measure of damages."

The claim is that the defendant could not be liable "in this case" unless the Circuit Court had jurisdiction. This seems to us a mere verbal catch. For the purpose of shortening the trial, the defendant admitted the cause of action as alleged. The merits of a case is a matter quite apart from the court's jurisdiction. The fair meaning, we believe, is that the defendant admitted the truth of all the allegations of the declaration except those concerning damages.

Over defendant's objection a witness was permitted to say that 15 years ago he and the deceased were in partnership, and to state what the deceased's earnings then were. Deceased was a designer in lithography, and such was the business of the partnership. Of course, the question was: What pecuniary loss did the widow and four children suffer by the death of husband and father? The health and character and earning capacity of deceased were traced from his death at 48 years of age back to his young manhood. The partnership and deceased's earnings therein were included in the story. We think the whole of it was relevant to the question of damages, and that it was within the court's discretion to permit deceased's life history to be carried back to the extent stated.

On cross-examination of one of plaintiff's witnesses defendant brought out the fact that deceased had bought a house and two lots about 14 years before his death. "Q. Did he pay for it all at one time? A. He did not. Q. Did you say he did not pay for it at the time he bought it?" The court did not permit the defendant to

have an answer to the last question. If the ruling is to be taken for more than a disapproval of the bad habit of repeating a witness's answer in the form of a question, it was not erroneous. The subject-matter of the question was not gone into on direct examination, and we fail to perceive how any possible answer would have tended to deny or discredit the testimony in relation to damages.

Nothing in the record indicates that the jury were swayed by passion or prejudice. Deceased was 48 years old, in perfect health, a good provider, a skilled workman, with an expectancy of 19 years, turning $30 a week over to his wife for the support of the family.

The trial was free from error throughout. But the judgment must be reversed on account of plaintiff's omission respecting citizenship. A question remains. How far ought the proceedings to be opened up? Defendant confessed the cause of action. The damages were properly proved and assessed. The justice of the matter is that plaintiff should not be required to go through another trial unless that course is unavoidable. Jurisdiction and merits are separate questions, and may properly be determined separately. Want of jurisdiction, by the very nature of the question, is merely a matter of abatement. If plaintiff had averred that he was a citizen of Illinois and defendant a corporation organized and existing under the laws of Michigan, and if defendant could honestly have challenged those allegations or either of them, the issue could have been determined in advance of a trial on the merits. We see no just reason why, after a trial on the merits, the logically separable matter of jurisdiction should not be determined. Fitchburg R. Co. v. Nichols, 85 Fed. 869, 29 C. C. A. 464; Watson v. Bonfils, 116 Fed. 157, 53 C. C. A. 535; Everhart v. Huntsville College, 120 U. S. 223, 7 Sup. Ct. 555, 30 L. Ed. 623; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 873, 30 L. Ed. 914. If, after plaintiff amends, the jurisdictional averments should be denied, the issue may be tried according to the practice with respect to pleas in abatement.

The judgment is reversed, with the direction to proceed in conformity with this opinion.