PARKER WASHINGTON CO. v. CRAMER.

(Circuit Court of Appeals, Seventh Circuit. November 18, 1912.)

No. 1,858.

1. COURTS (§ 322*)—JURISDICTION OF FEDERAL COURTS—ALLEGATION OF CITIZENSHIP—CORPORATIONS—"CITIZEN."

An allegation merely that a defendant corporation is "a citizen" of a particular state is not sufficient as a basis of jurisdiction of a federal court on the ground of diversity of citizenship, since the corporation is not in truth a citizen of any state, but for the purposes of such jurisdiction it is conclusively presumed that the stockholders whom it represents are citizens of the state by which it is chartered, and the approved form of allegation is that the defendant is a corporation organized and existing under the laws of the named state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*

For other definitions, see Words and Phrases, vol. 2, pp. 1168, 1169.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. APPEAL AND ERROR (§ 1178*)—REVERSAL—REMAND TO TRY QUESTION OF JURISDICTION.

Jurisdiction of a federal court on the ground of diverse citizenship does not depend on the presence or absence of allegations in the plaintiffs pleading respecting citizenship but on the actual fact of diversity of citizenship, and where a cause has been tried on the merits and a verdict and judgment rendered for plaintiff, on a reversal by the appellate court because of the absence of any sufficient allegation in the declaration, or proof in the record to show such diversity, it is competent for the court to remand with leave to permit plaintiff to file an amendment and defendant to take issue thereon, and, in case the trial of such issue shows jurisdiction, to enter judgment on the previous verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

Action at law by Harold Cramer, a minor, by his next friend, Harriet E. Stears, against the Parker Washington Company. Judgment for plaintiff, and defendant brings error. Reversed.

Sheppard Barclay, of St. Louis, Mo., for plaintiff in error.

B. J. Wellman and P. L. McArdle, both of Chicago, Ill., Thomas T. Fauntleroy and P. H. Cullen, both of St. Louis, Mo., for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. [1]. Defendant in error, plaintiff below, filed his declaration in the Circuit Court of the United States for the

Northern District of Illinois to recover damages for personal injuries alleged to have been sustained by him through the negligence of the defendant. Respecting jurisdiction on the ground of diversity of citizenship, the declaration alleged that the plaintiff was a citizen of Illinois, and that the defendant, a corporation, was a citizen of New Jersey. Without challenging the truth or the sufficiency of the jurisdictional averment, defendant went to trial upon the merits, and the jury returned a verdict for plaintiff, and the court thereupon entered the judgment to which this writ of error is addressed.

The record is barren of anything to sustain jurisdiction, except the averment in the declaration. Inasmuch as the fiction is, not that the corporation itself is really a citizen, but that the stockholders are all citizens of the state which chartered the corporation, and that the corporation is a mere form through which such citizens are exercising their constitutional right of being heard in a federal court when the controversy is between citizens of different states, the approved form of allegation is that the defendant is a corporation organized and existing under the laws of the named state. From this formula of averment an irrebuttable presumption that the stockholders are citizens of the chartering state is held to arise. And, since the corporation itself cannot be in truth a citizen, an allegation that it is a citizen is inadmissible as a basis on which to found the aforesaid irrebuttable presumption. We are constrained, therefore, to hold that the averment of jurisdiction is bad, and to reverse the judgment for the want of any showing of jurisdiction. Lafayette Ins. Co. v. French, 18 How. 404, 15 L. Ed. 451; Knight v. Lutcher & Moore Lumber Co., 136 Fed. 404, 69 C. C. A. 248.

[2] How far back must the proceedings in the trial court be torn up and held for naught? If defendant had raised in limine a question of the sufficiency of the jurisdictional averments, an amendment in due form would have been allowed at once. And, if defendant had filed a special plea to the jurisdiction on the ground that the controversy was not between citizens of different states, a trial of that issue of fact, and by a jury if defendant so desired, could have been had before defendant pleaded his defense to the cause of action and went to trial on the merits. Indeed, prior to Act March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508), a defendant could only take issue on the averments of citizenship by a plea in abatement. But while the Act of 1875 leaves the question of jurisdiction open throughout the case and makes it the duty of the trial court and of reviewing courts, of their own motion, to be satisfied that jurisdiction exists, nevertheless the nature of the question of jurisdiction is inherently the same as it was prior to 1875; that is, it is a matter of abatement. It may end the instant suit, but does not touch or affect the cause of action.

If jurisdiction depended upon the presence or absence of an averment in the declaration respecting citizenship, unquestionably we would be required to set aside all the proceedings in the trial court back to the declaration, with leave to the plaintiff to file an amended declaration. But jurisdiction in the trial court is not dependent upon

the allegation, but upon the actual fact of diversity of citizenship. An undenied allegation in the declaration may be taken as truthfully presenting the facts; but, if the declaration is wholly deficient, jurisdiction nevertheless exists if the fact of diversity of citizenship is brought into the record at any time or in any way while the cause is before the trial court.

In Mexican Central Railway v. Duthie, 189 U. S. 76, 23 Sup. Ct. 610, 47 L. Ed. 715, the declaration was deficient, the defendant joined issue on the merits, and a trial was had resulting in a verdict for the plaintiff. But there was nothing in the record preceding the verdict to show that there was, in truth, a controversy between citizens of different states. The trial court permitted the plaintiff to allege and to offer proof to sustain the fact of diversity of citizenship, and the Supreme Court held that this was within the power of the trial court. This decision further indicates, we think, that a defendant would not be denied the right of trial by jury, if, after verdict, an issue of fact respecting diversity of citizenship was framed and a trial by jury was desired.

If a defendant may hold tight to a defective jurisdictional averment as an anchor to windward and then go through a trial on the merits, knowing that, if he wins on the merits, he can have the record cured so that his opponent is forever stopped, while, if beaten, he may sue out a writ of error and insist to the appellate tribunal that it is powerless to do other than grant him a new trial on the merits, skill in fencing by the advocates would seem to be more influential in reaching results than justice between the parties; for, if a defendant in such circumstances should demand a new trial at the hands of the trial court on the ground that jurisdiction did not affirmatively appear in the record, that court, under the authority of the Duthie Case, supra, would give the plaintiff an opportunity to bring the fact of diversity of citizenship upon the record, after verdict, instead of setting the verdict aside. And we believe that an appellate tribunal is not inevitably bound to allow such a defendant any greater advantage by reason of his covering the objection than he would have had on disclosing it to the trial court; that an appellate tribunal has power to mold its mandate on affirmance or on reversal so as to give more importance to the substantial rights of the parties than to the feints and covers of advocates. In Grand Trunk Western Railway Co. v. Reddick, 160 Fed. 898, 88 C. C. A. 80, we followed the course of reversing a judgment, while leaving what we found to be a just verdict stand, pending an inquiry in the trial court into the fact of diversity of citizenship; and a reconsideration of the question has not led us to find any valid ground for departing from that decision.

It is true, as defendant insists, that we cannot ultimately determine the merits at this time. That is, we cannot now affirm a judgment which has not yet been entered and which will never be entered if the trial court finds that there was, in fact, no diversity of citizenship. The judgment heretofore entered, to which the present writ of error is addressed, must inevitably be reversed because this court, having only appellate jurisdiction on this writ of error, cannot conduct an

inquiry into the facts of diversity of citizenship. But we have before us the whole record, which we have been at liberty to search and have searched for the purpose of finding evidence of facts to sustain jurisdiction. There is no such evidence; so, it being our duty to reverse the judgment, we have considered whether the trial court should take up the question as one arising subsequent to the verdict, as in the Duthie Case, supra, or whether the trial court should take up the question at the threshold of a trial de novo. We have found nothing in the record which would justify or require the trial court to put the parties to the trouble and expense of a new trial on the merits. The declaration states a good cause of action. There was evidence to show that the defendant, a contracting corporation, in constructing a tunnel, had created a dump of earth and broken rock in which pieces of wire with unexploded caps were left, with defendant's knowledge, and that defendant knew that numbers of children had been playing on this dump and finding these unexploded caps; and that plaintiff, without fault on his part, was injured through the explosion of one of those caps. We have found no errors in the instructions to the jury and there is nothing in the record to indicate that the award of damages is disproportionate to the injuries actually suffered by the child. These findings are, of course, only used by us as the basis of determining the scope of the mandate in reversing the judgment and are not intended as conclusive upon the defendant, in case a new judgment is entered against it in the trial court.

The judgment is reversed, with the direction to the trial court to permit plaintiff to file an amendment respecting diversity of citizenship and to permit the defendant to take issue thereon, if it is so advised, and to grant to the parties the trial of such issue by a jury, unless the jury is duly waived, and to dismiss the action without prejudice, at plaintiff's costs, if it be found that diversity of citizenship did not exist, but otherwise to enter judgment upon the verdict.