ALEXANDRIA PAPER CO. v. CLEVELAND, C., C. & ST. L. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. October 11, 1917.)

No. 2469.

1. COURTS ⬅️406(2)—CIRCUIT COURT OF APPEALS—REVIEW—JURISDICTION.

Though the record on appeal to the Circuit Court of Appeals discloses no facts to support federal jurisdiction, yet, where the judgment on the merits is valid, it will be upheld, pending inquiry into the jurisdictional

facts, or judgment may be reversed, with directions to the trial court, on finding jurisdictional facts, to enter final judgment, or, in event of failure, to dismiss without prejudice.

2. COURTS ⬤⟫406(2)—CIRCUIT COURT OF APPEALS—JURISDICTION—ADMISSIONS.
Where counsel for plaintiff in error upon oral argument in open court admitted facts supporting federal jurisdiction, the judgment, being otherwise valid, cannot be reversed because the record failed to show facts supporting federal jurisdiction.

In Error to the District Court of the United States for the District of Indiana.

Action by the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, against the Alexandria Paper Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

L. E. Ritchey, of Franklin, Ind., for plaintiff in error.

Charles P. Stewart and Frank L. Littleton, both of Indianapolis, Ind., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

PER CURIAM. The action and judgment were for demurrage charges on a large number of cars of defendant in error. No bill of exceptions appears, and the judgment on its merits is not assailed. But it is insisted that a new trial should be granted because the record fails to show the existence of facts to support federal jurisdiction of this action—the fact that the alleged demurrage charges arose with respect to interstate shipments. If it be conceded that the record discloses no facts to support federal jurisdiction, must (as plaintiff in error insists) a new trial be granted?

[1, 2] This court has had occasion to pass upon the practice to be followed where the judgment on the merits is found valid, but the record fails to disclose facts giving the federal court jurisdiction of the action. In Grand Trunk Western Ry. Co. v. Reddick, 160 Fed. 898, 88 C. C. A. 80, we held that a just verdict will stand, pending inquiry by the trial court into the fact of diversity of citizenship. In Parker Washington Co. v. Cramer, 201 Fed. 878, 120 C. C. A. 216, we followed the same course in a case where there had been recovery of a judgment, and where the record did not disclose the facts to support federal jurisdiction. The judgment was there reversed, with direction to the trial court to permit the parties to make an issue respecting the jurisdictional facts, and to try such issue, and, if found favorable to the jurisdiction, to enter final judgment, and, if found otherwise, to dismiss the action without prejudice. We reaffirm the propriety of this practice; and such would be the disposition of the instant case, but for the fact that upon oral argument counsel for plaintiff in error in open court admitted opposite counsel's assertion that demurrage charges on which the judgment was rendered were in respect to interstate shipments. Such admission obviates the necessity of remanding the cause to the District Court for the purpose of ascertaining that fact, as it would be an idle formality to have the court

try and pass upon an issue of fact as to which the parties in open court have agreed.

The jurisdictional facts thus appearing to exist, the judgment of the District Court is affirmed.