### J. E. TAYLOR & CO. et al. v. EMPIRE LIGHTING FIXTURE CO., Inc.

(Court of Appeals of District of Columbia. Submitted March 8, 1921. Decided May 2, 1921.)

No. 3425.

1. **Trial** ⊝⊃260(1)—**Refusal of requested charges covered by general charge not error.**

   Where the prayers of a party are rejected, but the points made are fully and fairly covered by the general charge, no error is committed.

2. **Guaranty** ⊝⊃6—**Facts held to show guaranty was never accepted.**

   Where the guarantor of bills for lighting fixtures to be shipped to a building contractor for an apartment house contract executed a revised form of guaranty on the seller's suggestion, but the seller, after receiving it, refused to extend credit unless a 60-day note indorsed by the guarantor should be sent, and on the guarantor's declining to do this the seller

failed to ship until the contractor procured from the apartment house owner an acceptance of an order for payment on him, and the guarantor never received any notice of acceptance of the proffered guaranty, nor heard from the seller until about 6 months after such proffer, when payment of the contractor's account was demanded, there was no acceptance of the guaranty, nor was the guaranty the basis of the credit extended to the contractor.

**3. Guaranty** ☜7 (1)—**Guarantor entitled to notice of acceptance.**

A guarantor is entitled to notice of acceptance of his proffered guaranty.

**4. Appeal and error** ☜1173 (1)—**Joint judgment not reversed in part, but appellee given an election.**

Where there was a joint verdict and judgment against both appellants, which was erroneous as to one of them, the judgment will be reversed and the case remanded, with directions to set aside such judgment and permit the appellee to elect to become nonsuit against the successful appellant, and take judgment on the verdict against the other appellant, and, if appellee do not so elect, then to set aside the verdict and order a new trial generally.

Smyth, Chief Justice, dissenting.

Appeal from the Supreme Court of the District Court of Columbia.

Action by the Empire Lighting Fixture Company, Incorporated, against J. E. Taylor & Co. and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded, with directions.

Joseph T. Sherier and William Henry White, both of Washington, D. C., for appellants.

Bynum E. Hinton and J. H. Bilbrey, both of Washington, D. C., for appellee.

HITZ, Acting Associate Justice. This is an appeal from a judgment of the Supreme Court of the District of Columbia based on a verdict against the appellants, who unite in the appeal. The declaration is in one count, setting forth the sale of certain material to Taylor & Co., payment for which is claimed to have been guaranteed by Kernodle. All controversy as to the pleadings was eliminated by a stipulation of counsel for the respective parties in the trial court that "all questions of the form and sufficiency of the respective pleadings were waived."

Taylor & Co. had a contract with Mr. Bates Warren to furnish and install electric lighting fixtures in an apartment house then being erected by him. Prior to July 12, 1916, there appear to have been negotiations between the appellee and Taylor & Co. with reference to the purchase from the appellee of the fixtures referred to in the record, and on July 12, 1916, the appellee sent to Taylor & Co. a schedule of goods and prices, requesting an acceptance in which satisfactory arrangements for payment should be made. On July 13, 1916, Taylor & Co. forwarded to appellee a form of guaranty, signed by appellant Kernodle, as follows:

"I hereby guarantee the payment of all bills for goods sold J. E. Taylor & Co. relative to the De Lux Apartment House contract, for fixtures delivered and approved, according to the terms agreed upon."

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At the bottom of the letter transmitting this guaranty, Taylor & Co. gave the names of several persons as reference regarding the financial condition of Kernodle, and said:

"We are inclosing herewith a personal agreement and guaranty, signed by our treasurer, Dr. G. W. Kernodle, who you can very easily get a report on."

On July 14, 1916, the appellee sent to Taylor & Co. an agreement to furnish certain enumerated fixtures for $4,756, terms 30 days from date of shipment, payment to be anticipated if account runs beyond $1,500. This was accepted by Taylor & Co., with the statement beneath the signature of the latter, "Subject to minor changes agreeable to both." In the letter inclosing the paper above referred to appellee wrote:

"In reference to the guaranty and terms of payment, the suggestion made by you is not entirely satisfactory. We must have assurance from you that payment will be made, by check, promptly within 30 days from date of shipment, as we cannot afford to finance a job of this size any longer than this period of time. * * * The guaranty is not in good form, and we would request that you have Dr. G. W. Kernodle sign the inclosed form, and return to us promptly."

The preferred form referred to is that sued on, dated July 17, 1916, and addressed to the appellee as follows:

"In consideration of one dollar ($1.00), to me in hand paid, and further consideration of my interest in the J. E. Taylor & Co.'s contract with the De Lux Apartment House, I hereby guarantee the payment of all goods and merchandise ordered from you by J. E. Taylor & Co. for the De Lux Apartment House, according to schedules submitted under this date, for the sum of $4,756. Should J. E. Taylor & Co. fail to make payments according to terms on schedule, I will make such payments, for the account of J. E. Taylor & Co., to the Empire Lighting Fixture Company, the same as if I had purchased the merchandise for my own account."

This was signed by Kernodle and returned to appellee. On August 7, 1916, appellee wrote to Taylor & Co. that the time had come to push the job with all speed; that the information it had been able to obtain about Kernodle's financial condition was not definite enough to warrant extending this large amount of credit, and requesting that a 60-day note indorsed by Kernodle should be sent. This proposition Kernodle declined.

On August 21, 1916, appellee wrote Taylor & Co., asking them to "try to get the financial proposition satisfactorily adjusted," and again, August 29, 1916, stating that progress on the contract had been somewhat delayed for lack of satisfactory arrangements as to payment, and suggesting that Taylor & Co. get Mr. Warren to accept an order upon him for the payments as earned.

There was subsequent correspondence, and on October 2, 1916, the following order was addressed by Taylor & Co. to Mr. Warren:

"In connection with our contract with the Empire Lighting Fixture Company, 224 Centre street, New York City, N. Y., please pay to the order of the Empire Lighting Fixture Company the sum of five thousand ($5,000.00) dollars, and charge same to our contract with you for lighting fixtures at the De Lux Apartment Building, 2029 Conn. Ave. N. W., Washington, D. C."

October 3, 1916, Warren executed the following:

"I hereby accept the above order and agree to pay the same upon delivery of the fixtures at the above-mentioned building and in the manner stated below, and also upon the condition that the fixtures delivered are in accordance with the contract entered into between myself and J. E. Taylor & Co. The amount to be paid to be based upon invoices covering shipments, but each installment of payment to be not less than $1,500; all payments to be made in promissory notes signed by me to the order of the Empire Lighting Fixture Company, payable 30 days after date, and to bear interest at 6 per cent. per annum until paid."

At the bottom of this paper is the following, signed October 4, 1916, by the appellee through its president:

"Accepted, except as the conditions of contract between J. E. Taylor & Co. and Bates Warren, which are not familiar to us."

Delivery of fixtures by appellee began November 4, and continued every few days until December 16, 1916, when it stopped, leaving fixtures and material of the value of $1,541 still in the hands of the appellee, and the jury appears to have taken this situation into account, as the verdict was for the sum of $3,214.25.

No notes were given or payments made by Warren or by Taylor & Co., and no demand was made by the appellee upon Kernodle until after it had failed to get payment from them. On February 17, 1917, appellee wrote Kernodle:

"We regret that in the J. E. Taylor & Co. transaction we must demand that you arrange to pay us for merchandise delivered on contract July 14, 1916, amounting to $3,221.55, payment of which you guaranteed on July 17, 1916."

Kernodle must have replied to this letter, although no such reply appears in the record, for, on February 20, 1917, appellee wrote him as follows:

"Your letter of February 19th to hand. You are mistaken, as at no time did we release you. After we received the guaranty from you, we refused to make shipments unless we received additional security. All correspondence regarding the guaranty and terms of payment on the J. E. Taylor & Co. contract asked for additional security, and the fact that Mr. Bates Warren agreed to make payment to us direct did not in any way relieve you of your responsibility to us."

The assignment of error by the appellant Taylor & Co. is the refusal of the trial court to grant nine instructions, which raise substantially three questions:

(1) That no contract was made between the appellee and Taylor & Co., and that the fixtures were neither sold nor delivered to Taylor & Co.

(2) That if an original contract was made between appellee and Taylor & Co., a new agreement was subsequently made, by which Warren became the purchaser and the debtor; Taylor & Co. being released by the novation.

(3) That there was no sufficient evidence to sustain a verdict for any sum.

So far as Taylor & Co. are concerned, the question as to their liability appears to be purely one of fact. The contract of July 14, 1916,

with the appellee, is not denied, nor is it disputed that Taylor & Co. was under an agreement with Warren to install the lighting fixtures in a building he was then constructing. The fixtures furnished by appellee went into that building and they have never been paid for.

We have examined with care the elaborate charge of the trial justice, and find that all of the matters of defense suggested by the rejected instructions were covered by the charge, so that the jury had before it all of the claims of this appellant, and the issues thus presented were found in favor of the appellee.

[1] The rule is familiar, and needs no citation of authority for its support, that where the prayers of a party are rejected, but the points made are fully and fairly covered by the general charge, no error is committed; and this we find to be the case here.

[2] The assignment of error, so far as the appellant Kernodle is concerned, is the rejection of five prayers offered by him, one of which was for a directed verdict. It is contended here that the correspondence between the appellee, Taylor & Co., and Kernodle touching the guaranty, and the uncontradicted testimony in reference thereto, raised a question of law, and that there was no issue to be submitted to the jury, inasmuch as there was no controversy on the facts.

The guaranty of July 13, 1916, already referred to, was not accepted by appellee, and that of July 17, 1917, prepared by the appellee, is relied upon as the basis of Kernodle's liability. As to this, the appellee on August 7, 1916, wrote to Taylor & Co., in substance, that the information it had been able to obtain touching the financial condition of Kernodle did not warrant extending this large amount of credit, and requesting that a 60-day note signed by Taylor & Co., and indorsed by Kernodle, should be sent. This according to his testimony, as to which there is no denial, Kernodle declined to do. Thereupon came the correspondence suggesting the intervention of Mr. Warren, and, on October 3, 1916, his acceptance of the order for payment, as set forth in the statement of facts.

Prior to Warren's acceptance of the order of Taylor & Co., no shipment of fixtures had been made; but shortly thereafter shipments began, and continued until December 16, 1916. No payments having been received for the goods delivered, on February 17, 1917, appellee demanded payment from Kernodle. It is evident that Kernodle promptly disavowed any responsibility, and, on February 20, 1917, appellee wrote him giving its version of the situation.

Now, from the time that Kernodle declined to give a guaranty in the form of a promissory note at 60 days, which the appellee requested by letter of August 7, 1916, until February 17, 1917, when the appellee demanded payment under the guaranty which it had stated to be insufficient to warrant the credit, the record shows no communication between appellee and Kernodle. There was nothing before the trial court to indicate that the order on Warren was in the nature of additional security, and it is manifest that the fixtures were supplied on the faith thereof.

[3] The validity of the correspondence contained in the record was not contested, and the case, so far as the surety is concerned, resolves itself into the construction to be placed thereon in the light of the uncontradicted facts, and, in our opinion, Kernodle was never accepted as surety, and the guaranty sued on was not the basis of the credit extended to Taylor & Co. Had there been such an acceptance, Kernodle was entitled to notice thereof. Davis Sewing Machine Co. v. Richards, 115 U. S. 524, 6 Sup. Ct. 173, 29 L. Ed. 480.

[4] The conclusion reached leads to an affirmance of the judgment below as to Taylor & Co., and the reversal of that against Kernodle; but, as there was a joint verdict and judgment against both appellants, on the authority of Penna. Railroad Co. v. Jones, 155 U. S. 333, 354, 15 Sup. Ct. 136, 39 L. Ed. 176, and Gas Light Co. v. Lansden, 172 U. S. 534, 556, 19 Sup. Ct. 296, 43 L. Ed. 543, the judgment of the Supreme Court of the District of Columbia is reversed, and the case remanded to that court, with directions to set aside the judgment against the appellants, and to permit the appellee to elect to become nonsuit as against the appellant Kernodle, and take judgment on the verdict against the appellant Taylor & Co., and, if it do not so elect, then to set aside the verdict and order a new trial generally.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.

SMYTH, Chief Justice (dissenting). I am unable to agree with my Associates that Kernodle should be relieved from liability. He, at the request of the appellee, signed the guaranty for a consideration of $1 and then sent it to the appellee, which must have received it the next day at the latest. This constituted a valid contract between Taylor and the appellee.

"If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract." Davis Sewing Machine Co. v. Richards, 115 U. S. 524, 527, 6 Sup. Ct. 173, 175 (29 L. Ed. 480).

Here the guaranty was drafted by the other party, signed at its request, and then delivered to it. The opinion cites this case, but, strangely enough, does not point out wherein it is not controlling.

The fact that on August 7 the appellee wrote to Taylor & Co. that it was not satisfied with Kernodle's financial condition and desired additional security, which was refused, did not have the effect of setting aside Kernodle's guaranty, which became effective the moment it was delivered to the appellee, some three weeks before.

Unless the Supreme Court of the United States has announced an erroneous principle of law in the quotation given above, which we may not assume, this court has done so in the opinion just handed down.

Even if there was room for doubt concerning the inference to be

drawn from the conceded facts and circumstances, it was for the jury to solve it. This the jury did under a proper instruction. They found that the guaranty was accepted by the appellee. We have no right to disturb that finding.