## DOLLAR S. S. LINES, Inc., et al. v. MERZ.

### No. 6999.

Circuit Court of Appeals, Ninth Circuit.

Jan. 23, 1934.

· Hugh Montgomery, of San Francisco, Cal., for appellants.

Lelia R. Leep, of San Francisco, Cal. (Wm. Shutz, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

From a $2,500 judgment for plaintiff in an action for libel, defendants appeal.

Jurisdiction was predicated on diversity of citizenship. It appears, however, from the pleadings and admissions that the defendants, La Place and Trapp, are citizens of the same state as plaintiff. Unless these defendants are merely nominal parties, the court was without jurisdiction. Appellee, contending that they are nominal parties, asks that we either disregard them or dismiss as to them, and go on to a consideration of the merits. Appellants contend that it is too late to remedy the defect in jurisdiction, and that· the judgment must be reversed, with directions to dismiss the entire cause. Both parties, however, ask that, if the defect in jurisdiction can be cured in this court, this should be done, and that the case be then disposed of on the merits.

Defendants La Place and Trapp are not merely nominal or formal parties, even though, as appellee contends, they may have acted only as agents for the other defendants. The cases relied upon by appellee involved parties who had no real interest in the controversy. See, for example, Salem Trust Company v. Manufacturers' Finance Company, 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867 (1924); Wood v. Davis, 18 How. 467, 15 L. Ed. 460 (1855); Hirsch v. Stone, 62 F.(2d) 120 (C. C. A. 5th, 1932). While neither of the defendants Trapp and La Place were indispensable parties to the tort action against their codefendants, they were, nevertheless, properly codefendants if plaintiff chose to hold all of them liable as joint wrongdoers. To this situation the language of this court in Matthew v. Coppin, 32 F.(2d) 100, 102 (1929) is directly applicable.

"Nor must a diversity of citizenship exist as to indispensable parties only. Liability for tort is joint and several, but if two defendants are sued jointly in a federal court for a tort, and a diversity of citizenship does not exist as between the plaintiff and each defendant, the decisions are uniform that the court is without jurisdiction. Devost v. Twin State Gas & Electric Company (C. C. A.) 250 F. 349. And it has been repeatedly held that federal courts are without jurisdiction where there is no diversity of citizenship as between plaintiffs and defendants, whether the parties are deemed indispensable or not, so long as they are not merely nominal or formal parties. * * *

"So, in this case, the plaintiff below having elected to sue the adverse claimants jointly, the court is incapable of distinguishing their case so far as respects jurisdiction from one in which he was compelled to join them."

Neither is there merit in the contention of the appellant that the judgment must be reversed with directions unconditionally to dismiss the cause. True it is that the present defect is not within section 274c of the Judicial Code [1], permitting amendment in the appellate court to remedy a defective allegation of diversity of citizenship when diversity of citizenship in fact exists. There are, however, many instances in which defects of diversity of citizenship jurisdiction, more serious than mere defective allegations, have been permitted to be cured both in trial and appellate courts, and thus the dismissal of the entire cause obviated.

 Where, because of the joinder of proper, though not indispensable, parties as defendants, there is not merely on the record but in fact no such diversity of citizenship as to give jurisdiction, the District Court may permit a dismissal of such parties and thereby establish jurisdiction with retroactive effect. Horn v. Lockhart, 17 Wall. 570, 21 L. Ed. 657 (1873), Interstate Refineries, Inc., v. Barry, 7 F.(2d) 548 (C. C. A. 8th, 1925). This procedure may be followed even

[1] "Where, in any suit brought in or removed from any State court to any district of the United States, the jurisdiction of the district court is based upon the diverse citizenship of the parties, and such diverse citizenship in fact existed at the time the suit was brought or removed, though defectively alleged, either party may amend at any stage of the proceedings and in the appellate court upon such terms as the court may impose, so as to show on the record such diverse citizenship and jurisdiction, and thereupon such suit shall be proceeded with the same as though the diverse citizenship had been fully and correctly pleaded at the inception of the suit, or, if it be a removed case, in the petition for removal." 38 Stat. 956, 28 U. S. C. § 399 (28 USCA § 399).

after a verdict against all the parties has been returned; moreover, judgment could then be entered against the remaining parties, on the original verdict. Mason v. Dullagham, 82 F. 689 (C. C. A. 7th, 1897); Williams v. Great Southern Lumber Co., 13 F.(2d) 246 (D. C. E. D. La. 1926) rev. on other grounds, Great Southern Lumber Co. v. Williams, 17 F.(2d) 468 (C. C. A. 5th, 1927).

 It has long since been the settled law in the federal courts, in tort actions in which no jurisdictional question was involved, brought against several jointly instead of against each separately, that the verdict may be set aside and a new trial may be granted in favor of some and judgment entered on the verdict against the others or a judgment reversed by the reviewing court as to some and affirmed as against others, or reversed as to all, with leave to the plaintiff to nonsuit some and with directions to enter judgment on the original verdict as against the others. See Pennsylvania Railroad v. Jones, 155 U. S. 333, 354, 15 S. Ct. 136, 39 L. Ed. 176 (1894); Washington Gaslight Co. v. Lansden, 172 U. S. 534, 555, 19 S. Ct. 296, 43 L. Ed. 543 (1899); J. E. Taylor & Co. v. Empire Lighting Fixture Co., 51 App. D. C. 11, 273 F. 739, 744 (C. A. D. C., 1921). Cf. 21 L. R. A. (N. S.) 209, note (1908). But, if it be apparent from the record that those as against whom such judgment would otherwise be proper might have been injured by reason of the trial having been against all of the parties, then, but then only, would it be the duty both of the trial court and the reviewing court respectively to set aside, not only the judgment, but also the verdict as to all of the parties and to award a complete new trial as against those properly retained as defendants in the case. See Washington Gas Light Co. v. Lansden, supra; Albright v. McTighe, 49 F. 817 (C. C. Tenn., 1892); Strand v. Griffith, 109 F. 597 (C. C. Minn., 1901).

In Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997 (1919), there was the diversity of citizenship requisite for federal jurisdiction as between plaintiff and all defendants. One of the defendants, however, properly objected to the venue, as to him a strictly personal objection, which, as the Supreme Court held, should have been sustained as to that defendant. It could not, however, have been urged by his codefendants either on his or on their behalf; if it had been sustained originally in the District Court, it would have resulted solely in his dismissal from the case. In these circumstances, the

Supreme Court held that, while the judgment must be reversed as to him with directions to dismiss, it need not be reversed as to the codefendants. As to them, on examination. into the merits of the case the court found no reversible error. Examining further, it also found that they had not been, and could not have been, prejudiced by reason of the other party's improper presence as a codefendant; moreover, as the court stated, it was conceded by counsel that they were not prejudiced by any of the several alleged errors in the trial. See, too, James Dickinson Farm Mortgage Co. v. Harry, 273 U. S. 119, 47 S. Ct. 308, 71 L. Ed. 569 (1927).

In a number of cases it was not apparent from the record and it was not conceded that there was in fact that diversity of citizenship requisite for federal jurisdiction. In these circumstances, the District Court should have required allegation and proof of the necessary diversity or, on failure thereof, have dismissed for want of jurisdiction. The reviewing court in these cases reversed the judgment, but, to avert a complete new trial if otherwise the record was free of reversible error, it examined into the merits of the case. Where, on such examination, it found reversible error apart from the jurisdictional question, it reversed the judgment, with directions to award a new trial. Grace v. American Central Ins. Co., 109 U. S. 278, 3 S. Ct. 207, 27 L. Ed. 932 (1883); Ward v. Morrow, 15 F.(2d) 660 (C. C. A. 8th, 1926). Where, however, it found no such reversible error, while reversing the judgment, it permitted the original verdict to stand. It further authorized the trial court to grant leave to amend so as properly to allege the jurisdictional facts and, in any event, to determine the jurisdictional question. It further directed that, if on such examination the court were found to be without federal jurisdiction, then the case should be dismissed for want of jurisdiction; if, however, jurisdiction were established, then the court was to enter a judgment on the original verdict. Chicago, R. I. & P. Ry. v. Stephens, 218 F. 535 (C. C. A. 6th, 1914); Parker Washington Co. v. Cramer, 201 F. 878 (C. C. A. 7th, 1912); Grand Trunk Western Ry. v. Reddick, 160 F. 898 (C. C. A. 7th, 1908). See, too, A. T. & S. F. Ry. Co. v. Gilliland, 193 F. 608 (C. C. A. 9th, 1912).

Except in the Cramer Case, it is not entirely clear from the opinions of the reviewing courts whether it was intended that, on an appeal from such new judgment on the old verdict, the expression of opinion by the reviewing court that the original trial was free from error was to be deemed the law of the case, and thus res adjudicata, or whether on such appeal the earlier opinion was to be dealt with as not binding but at the best, persuasive. In the Cramer Case, however, at page 881 of 201 F., Judge Baker has clearly stated what we believe to be the sound rule, that:—"These findings are, of course, only used by us as the basis of determining the scope of the mandate in reversing the judgment and are not intended as conclusive upon the defendant, in case a new judgment is entered against it in the trial court."

Where, in fact, the lack of proper diversity, and therefore of federal jurisdiction, was clear from the record, the judgment was necessarily reversed by the reviewing court. In some of these cases, the mandate directed the District Court to dismiss, unless the obstacle to federal jurisdiction should be removed. Thomas v. Anderson, 223 F. 41 (C. C. A. 8th, 1915); Matthew v. Coppin, 32 F.(2d) 100 (C. C. A. 9th, 1929). While no directions, however, were given as to what should be done, if, by dismissal of some parties, the obstacle were removed, a new trial on the merits was granted. Thomas v. Anderson, 245 F. 642 (C. C. A. 8th, 1917); Clements v. Coppin, 61 F.(2d) 552 (C. C. A. 9th, 1933).

In other cases, the judgment was reversed, with directions to dismiss for want of jurisdiction, and apparently the District Court was not given leave to permit an amendment to remove the obstacle. Carpenter v. Carden, 294 F. 515 (C. C. A. 2d, 1923); Danks v. Gordon, 272 F. 821 (C. C. A. 2d, 1921); Devost v. Twin State Gas & Electric Co., 250 F. 349 (C. C. A. 1st, 1918). In Watson v. Bonfils, 116 F. 157 (C. C. A. 8th, 1902), the reviewing court examined the merits of the controversy, and, finding no equity in the bill, reversed the decree, with directions to dismiss for want of jurisdiction.

Levering & Garrigues Co. v. Morrin, 61 F.(2d) 115, 121 (C. C. A. 2d, 1932), must be dealt with separately. From the face of the record, it was not apparent that there was the requisite diversity of citizenship because one of the defendants was an unincorporated association and there was no allegation that each of its members was a citizen of a state different from that of the plaintiff. In reversing for want of jurisdiction, the reviewing court gave leave to the District Court to permit plaintiff to amend either by dismissing as against the unincorporated association, and thereby establishing jurisdiction as

between the remaining parties, or by alleging and proving that all of the members of the association had the requisite diversity of citizenship. The court stated: "If the former alternative be adopted, there is authority for allowing the record to stand as already taken, and to enter a decree thereon against the individuals, provided it appears that all the evidence remains equally admissible with the dismissed defendants out. (Citing cases.) This is a matter for the District Court to determine."

In the Camp Case the court acted, at least in part, on counsel's concession that all the evidence was equally admissible with the dismissed defendants out. In the Morrin Case there was no such concession. The appellate court did not itself examine into the question of prejudice, although it was dealing with a decree in equity and not, as in Camp, with a jury verdict; it left the matter to the District Court empowering, if not directing, reentry of the original decree as against the remaining parties, if no prejudice were found.

In the Camp Case the Supreme Court, in affirming as to some defendants, relied, too, on the Act of Feb. 26, 1919 (28 U. S. C. § 391, second sentence [28 USCA § 391]), requiring the reviewing court to give judgment without regard to technical defects or errors. But, where the reviewing court is in fact without federal jurisdiction as to any of the parties in the case as presented to it, the defect, in our judgment, is not technical; this court is without power to permit an amendment, but must remit the case to the District Court.

As applied to the instant case, the rules and principles established by the cases cited require that the judgment be reversed, that leave be given to plaintiff to amend by dismissing as to La Place and Trapp, thereby establishing the jurisdiction of the federal court over the remaining defendants, in the District Court, and that, if she refuse or fail to make the amendment whether because she prefers to maintain her action in a state court against all of the defendants or for any other reason, the case should then be dismissed, without prejudice, for want of federal jurisdiction. If she do so amend, the question remains whether or not a new trial must be granted as against the other defendants or whether the District Court, if it find that they were not prejudiced in the original trial by reason of the presence of the codefendants, may in its discretion enter judgment on the original verdict. While the writer of this opinion, especially in the light of the Camp and the Morrin Cases, would hold that the District Court may in its discretion enter such judgment or grant a new trial, the majority of the court are of the opinion that a new trial must be granted, inasmuch as the District Court completely lacked jurisdiction to hold the former trial.

One other question remains, Shall this court, following the Cramer and similar cases, examine into the merits of the controversy at this time. In view of the possibilities that, if our views on the merits should be adverse to plaintiff, she might not amend, but might seek a remedy in the state courts, thus gaining a technical advantage which defendants conversely could not obtain, furthermore that, if she did amend, any present expressions of opinion on the merit would not be binding on an appeal from a second judgment, we are of the opinion that in such a case as the instant one in which, as presented to the District Court and to this court, there is a complete lack of federal jurisdiction, it is unwise, if not improper, to consider the assigned errors.

Judgment reversed, with directions to proceed further in accordance with the views hereinabove expressed.