## KRESGE DEPARTMENT STORES, Inc., v. YOUNG.

### No. 181.

Municipal Court of Appeals for the District of Columbia.

May 19, 1944.

Rehearing Denied June 5, 1944.

Cornelius H. Doherty, of Washington, D. C., for appellant.

Leonard P. Walsh, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Assuming that the trial court found all the disputed facts in appellee's favor, as we must because of the general finding, the record discloses the following facts. In September, 1942, one Cora Alice Rutledge filed a request for a charge account with appellant, and was informed by an employee of its credit department that, as she was only eighteen years of age, appellant would require the signature of another person on the account, and she was given a card addressed to appellant containing the following language: "In consideration of your extending credit to me, or to Cora Alice Rutledge I am submitting the following information and agree to pay any sums that may become justly due on such account." This card was taken by Miss Rutledge to the appellee who signed it, and Miss Rutledge subsequently delivered it to appellant. At no time after signing the card was appellee advised by appellant that credit had been extended to Miss Rutledge, until she was called into the store some months later and informed that the account was in arrears in the sum of $220.83. Action was brought to recover that sum from both Miss Rutledge and appellee, but service of process could not be made on Miss Rutledge and trial proceeded against appellee alone.

The trial court found in favor of appellee because of the failure of appellant to notify appellee that it had accepted or acted upon the guaranty and had given credit to Miss Rutledge on the basis of it. Appellant contends that ruling was erroneous.

It has been said that the question of the necessity of notice of an acceptance of a guaranty has given rise to more apparently diverse and contradictory opinions than perhaps any other question.[1] Professor Williston says that the law on this question is indeed in much confusion.[2] The authorities seem to be in accord as to the confused state of the subject but some differ as to the cause of the confusion.[3] Whether there is an irreconcilable conflict in the authorities[4] or only an apparent divergence,[5] we think the rule is well settled in this District that under the circumstances of this case notice of acceptance of the guaranty was essential in order to bind the guarantor.

In Davis v. Wells, Fargo & Co., 104 U.S. 159, 163, 26 L.Ed. 686, the court

---

[1] Annotation, 16 L.R.A.,N.S., 353.

[2] Williston, Contr. Rev. ed. sec. 69.

[3] 38 C.J.S., Guaranty, § 11; 24 Am.Jur., Guaranty, sec. 37.

[4] New Idea Spreader Co. v. Satterfield, 45 Idaho 753, 265 P. 664.

[5] Dayton Rubber Mfg. Co. v. Sabra, 9 Cir., 31 F.2d 9.

quoting from Adams, Cunningham & Co. v. Jones, 12 Pet. 207, 213, 9 L.Ed. 1058, said:

"And the question which, under this view, is presented is whether, upon a letter of guaranty, addressed to a particular person or to persons generally, for a future credit to be given to the party in whose favor the guaranty is drawn, notice is necessary to be given to the guarantor that the person giving the credit has accepted or acted upon the guaranty and given the credit on the faith of it. We are all of the opinion that it is necessary; and this is not now an open question in this court, after the decisions which have been made in Russell v. Clark's Ex'rs, 7 Cranch 69 [3 L.Ed. 271]; Edmonston v. Drake, 5 Pet. 624 [8 L. Ed. 251]; Douglass v. Reynolds [Byrne & Co.], 7 Pet. 113 [8 L.Ed. 626]; Lee v. Dick, 10 Pet. 482 [9 L.Ed. 503]; and again recognized at the present term in the case of Reynolds v. Douglass [12 Pet. 497, 9 L.Ed. 1171]. It is in itself a reasonable rule, enabling the guarantor to know the nature and extent of his liability; to exercise due vigilance in guarding himself against losses which might otherwise be unknown to him; and to avail himself of the appropriate means in law and equity to compel the other parties to discharge him from further responsibility."

In Davis Sewing Machine Co. v. Richards, 115 U.S. 524, 6 S.Ct. 173, 175, 29 L. Ed. 480, a case which arose in this District, the court affirming its rulings in the Wells, Fargo & Co. case, said:

"Those rules may be summed up as follows: A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract."

The Supreme Court's ruling has been criticized by some text writers,[6] and some state courts have expressly refused to follow it;[7] but the Supreme Court has adhered to its original ruling, citing both the Wells, Fargo & Co. and Davis Sewing Machine Co. cases, in the recent case of United States ex rel. Wilhelm v. Chain, 300 U.S. 31, 57 S.Ct. 394, 81 L.Ed. 487. Moreover, the highest court of this jurisdiction followed the doctrine of the Davis Sewing Machine case in J. E. Taylor & Co. v. Empire Lighting Fixture Co., Inc., 51 App.D.C. 11, 273 F. 739. Indeed, the rule appears to have been established here prior to the Wells, Fargo & Co. case.[8] Therefore, whatever may be said by writers and state courts concerning the merit of the Supreme Court rule, it is the established rule in this District and we are bound by it.

In the present case the guaranty was not requested of appellee by appellant,[9] no consideration passed to appellee and appellee had no notice, express or implied, that her offer of guaranty had been accepted or that credit would be extended on the faith of it. Accordingly, under the rule above stated, the guaranty never became effective and appellee was not liable thereon.

Affirmed.

---

6 Williston, Contr. Rev. ed. sec. 69, 69a.

7 E. g. Midland National Bank v. Security Elevator Co., 161 Minn. 30, 200 N. W. 851.

8 Burns v. Semmes, Fed.Cas.No. 2,183, 4 Cranch C.C. 702; Henderson v. Reilly, 1 MacArthur 25.

9 Ladd & Bush v. Hayes, 9 Cir., 105 F.2d 292.