## EVERHART v. HUNTSVILLE COLLEGE.

## CLAY v. HUNTSVILLE COLLEGE.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ALABAMA.

Argued January 20, 1887.—Decided January 31, 1887.

An averment that the complainant in a bill of equity "resides" in a state
is not an averment that he is a citizen of the state, so as to give a Circuit
Court of the United States jurisdiction over the subject-matter by reason
of citizenship of the parties.

When the jurisdiction of a Circuit Court depends upon the citizenship of
the parties, and that court takes jurisdiction and renders judgment, and
the record in this court in error or on appeal fails to show the requisite
citizenship, the judgment will be reversed and the case remanded by
this court on its own motion, and the party in default adjudged to pay
costs here.

THESE two causes were argued and submitted together.
The case is stated in the opinion of the court.

*Mr. Milton Humes* for appellant Everhart.

*Mr. Samuel F. Rice* for appellant Clay.

*Mr. John D. Brandon* for appellees. *Mr. D. D. Shelby*
and *Mr. L. P. Walker*, also for appellees, submitted on their
brief.

MR. CHIEF JUSTICE WAITE delivered the opinion of the
court.

These are appeals from a decree dismissing the original bill
and a cross-bill in a suit begun in the Circuit Court of the
United States for the Northern District of Alabama, by
George M. Everhart against the Huntsville Female Academy,
George W. F. Price, Martha T. Rison, Myra J. Erwin, Robert
M. Erwin, William H. Erwin, Joseph B. Erwin, and Marcus
A. Erwin, and in which Hugh L. Clay, as administrator *de
bonis non* of Abraham R. Erwin, deceased, was afterwards

added as a defendant, but on looking into the record we find no sufficient evidence of the jurisdiction of the Circuit Court, which depends alone on the citizenship of the parties. It is stated in the original bill that Everhart is a resident of Wisconsin, and the same fact is also shown by the testimony, but this, as it has often been held, is not enough. An averment of residence is not the equivalent of an averment of citizenship for the purposes of jurisdiction in the courts of the United States. According to the pleadings the Huntsville Female Academy is an Alabama corporation, and the other defendants are residents of either Alabama or Tennessee. The decree dismissing both the original and cross-bills is reversed, because the record fails to show the jurisdiction of the Circuit Court, but as the fault rests alone on Everhart, the complainant in the original bill, whose duty it was to put on record the facts necessary to show the jurisdiction, the reversal will be at his costs in this court. This whole subject has already been considered twice during the present term ; once in *Continental Ins. Co.* v. *Rhoads*, 119 U. S. 237, and again in *Peper* v. *Fordyce*, 119 U. S. 469. The reasons for our judgment sufficiently appear in the opinions delivered in those cases. If on the return of the case to the Circuit Court it is made to appear that the citizenship necessary for the jurisdiction existed at the time the suit was brought, it will be for that court to determine whether an amendment of the pleadings ought to be allowed, so as to cure the present defects.

*The decree of the Circuit Court is reversed, at the costs of the appellant Everhart, and the cause remanded for further proceedings not inconsistent with this opinion.*