INSURANCE CO. OF NORTH AMERICA et al. v. SVENDSEN et al.

(Circuit Court, D. South Carolina. May 29, 1896.)

1. EQUITY PRACTICE—AMENDMENT.
    When objections to the jurisdiction of the court to entertain a bill in equity, in the form in which it is framed, have been sustained, and there has been no general appearance, demurrer, plea, or answer, the complainant has an undoubted right to amend his bill.

2. SAME—TRANSPOSITION OF PARTIES.
    When the complainant in a bill in equity has joined with him, as co-complainants, other parties who have a similarity, but no community, of interest with him, and whose joinder with him is not necessary, and as between whom and some of the defendants the court cannot take juris-

diction, because of their citizenship, the complainant should be permitted to amend his bill by striking out the names of such parties as complainants, and making them defendants to the bill, so as to remove the impediment to the jurisdiction.

3. CIRCUIT COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

When the complainant's bill asserts an interest in property worth $33,000, by reason of having become responsible therefor under policies of insurance, and alleges that such property will be wholly lost to him through action of the defendants which it is sought to restrain, the amount in controversy is that claimed by the complainant, and the jurisdiction of the circuit court is not defeated by a contention on the part of the defendant that, under the allegations of the bill, the complainant's claim is less than $2,000.

Theodore G. Barker, for complainants.

Bryan & Bryan, for defendants.

SIMONTON, Circuit Judge. This case comes up on motion to file an amendment to the original bill and to file a supplemental bill. The original bill was filed by the complainant, the Insurance Company of North America, a corporation of the state of Pennsylvania, having also as parties complainant the British & Foreign Marine Insurance Company, Limited, of Liverpool, England, the Standard Marine Insurance Company, Limited, of Liverpool, England, and the London Assurance Corporation of London, England, against C. Svendsen, master of the Norwegian steamship Michigan, W. Gray & Co., owners of said steamship, J. C. Hughes, a citizen of New York, agent for the said owners, Thaddeus Street, Timothy Street, and Thaddeus Street, Jr., corporation as Street Bros., agents for said steamship, and Arthur M. Manigault. Of these, three of the complainants were alien corporations, and of these defendants the master of the Michigan and her owners are aliens. J. C. Hughes is a citizen and resident of the state of New York. J. P. K. Bryan, Esq., entered a special appearance for the purpose of objecting to the jurisdiction of the court. The purpose of a special appearance is to prevent a waiver of any objection which would be cured by a general appearance. When such an appearance has been entered, and the objections overruled, the general appearance afterwards does not waive it. Harkness v. Hyde, 98 U. S. 479. His objection was sustained, because aliens were joined as co-complainants with the Insurance Company of North America, and aliens are named as defendants. Thereupon the complainant, pursuant to previous notice, asked leave to amend its bill.

There can be no question of a right to amend. It is secured in the most ample way, by equity rule 28, to a complainant, of his own motion, before replication filed. In this case there is neither appearance, demurrer, plea, nor answer. In Hardin v. Boyd, 113 U. S. 761, 5 Sup. Ct. 771, the supreme court say: "In reference to amendments of equity pleadings the courts have found it impracticable to lay down a rule that would govern all cases. Their allowance must at every stage of the case rest in the discretion of the court, and that discretion must depend largely on the special circumstances of each case. It may be said generally that

in passing upon applications to amend the ends of justice should never be sacrificed to mere form, or by too rigid an adherence to technical rules of practice. Undoubtedly great caution should be exercised when the litigation has continued for some time, or when the granting of it would cause serious inconvenience or expense to the other side." See, also, Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788. The supreme court of the United States, in cases dismissed because the want of jurisdiction appeared on the record, has repeatedly recognized the right of the court below to order such amendments as will cure the defect and hold the jurisdiction. Everhart v. Huntsville College, 120 U. S. 223, 7 Sup. Ct. 555; King Bridge Co. v. Otoe Co., 120 U. S. 225, 7 Sup. Ct. 552; Metcalf v. Watertown, 128 U. S. 590, 9 Sup. Ct. 173; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 873. The complainant's right to amend is recognized and admitted.

The complainant proposes to amend its bill by striking out the names of the alien corporations as co-complainants, and by making them defendants to the bill, and also by omitting as defendant J. C. Hughes. There can be no doubt of the right to omit J. C. Hughes as defendant. He is but the agent of the owners, who are themselves defendants. He has no interest in the suit. Carneal v. Banks, 10 Wheat. 181; Shields v. Barrow, 17 How. 130. The complainant further proposes to amend by striking out the names of the alien corporations as complainants, and by making them defendants in the suit. In Conolly v. Taylor, 2 Pet. 564, a similar question was presented. The complainant had joined with him a party as between whom and some of the defendants, the court could not take jurisdiction. This was an impediment to the jurisdiction, the removal of which gave the court full authority to act. He was allowed to amend by striking out the name of the other complainant. It is true that the complainant whose name was stricken out was a trustee, and that in argument counsel insisted that he was only a nominal party. But the opinion of the court is more broad than this, and allowed the amendment on general principles. Anderson v. Watt, 138 U. S. 707, 11 Sup. Ct. 449, confirms this view of the case. The test seems to have been this: "The case was one, however, where the remaining complainants might have originally instituted the suit without joining the other, unless as a defendant, and the other was retained as a party by the amendment." Let the test be applied in this case. The bill alleges that there had been shipped at the port of Charleston, on steamship Michigan, 7,323 bales of cotton, each having thereon its proper marks, said cotton to be carried to Liverpool, England; that of this cotton the Insurance Company of North America and the other complainants had become the insurers against marine risks of nearly all of the said cotton in an aggregate sum of $175,000; that while in said port the said ship took fire, and of the cotton 812 bales were affected by fire, and 2,642 bales were wet with water used in extinguishing the fire; that the master of the steamship reshipped on his steamer, her cargo having been discharged, all the dry cotton, and that he had shipped by the steamer Romulus 735 wet bales, but had positively refused to send

any more of the wet bales on to their destination, against the protest and demand of the agent of the complainants; that, on the contrary, he had advertised for sale in the city of Charleston 1,873 bales of the wet cotton, and that he proposed to sell the same, and take into his own hands, subject to his own disposition, the proceeds thereof, applying the same in paying bills contracted and expenses and debts incurred by the said steamship, her owners and master, in the port of Charleston, instead of paying over the same to the owners or insurers of the cotton, or to their use, or separating the proceeds from other moneys of the ship; that the expenses incurred by the steamship for which she is liable already equal or exceed her value, and that the master and owners are aliens, so that when the steamship leaves the port, as she is about to do, the complainants will be remediless. The bill also charges misconduct and breach of faith on the part of the master. The complainants further allege that the damage to the cargo is within the risks assumed in their policies, and they recognize and admit their liability therefor, and that all loss, damage, misuse, or unlawful disposition of the damaged cotton will fall on them alone; that in consequence of this they are now seeking the holders of their certificates of insurance, and are paying them, as fast as they can, the full value of the cotton insured. They ask leave to amend their bill from time to time as their payments have been in fact made. But that, inasmuch as by the course of trade these certificates are attached to bills of exchange accompanying the bills in the hands of all holders thereof, this is a matter of time and difficulty, and meanwhile no one can protect their interests, they being in fact the only parties interested. It thus appears that each of these complainants has a similarity of interest in this cotton, but no community of interest; that their contracts were several and not joint, and that no necessity exists for joining them. At the same time, inasmuch as it is suggested that expenses have occurred in which questions of general average will necessarily arise, no disposition of the funds arising from the sale of this damaged cotton can be made except in proceedings to which all of them are parties. The Insurance Company of North America having thus a several and distinct interest, could have originally instituted this suit without joining the other complainants, or making them parties to the suit, save as defendants. It has been suggested that they cannot be made defendants because their interests are similar to, and not antagonistic to, the Insurance Company of North America. But no principle is more clear in equity pleading that all parties in interest must be made parties either as plaintiff or defendant; and, so long as they are in the record, it makes no difference on what side of the record they are. Indeed, in Conolly v. Taylor, *supra*, the objectionable plaintiff was by amendment made a defendant.

The exhibit to the original bill shows that the Insurance Company of North America had covered by insurance 3,128 bales of the 7,328 bales constituting her cargo. It is charged, however, that of the insurance on this cotton the bill shows that only $479.18 has been paid, and that this is below the jurisdictional amount. I have grave doubt if this question can be made by one who has put in a

limited appearance. Be this, however, as it may, and expressing no opinion thereon, the objection will be noticed. The bill alleges that of the cargo insured there has been destroyed by fire 812 bales, and damaged by water more than 1,873 bales, and that those which are to be sold and their proceeds misused as charged are fully worth $33,000. That complainants are responsible for this damaged cotton under the terms of their policies, and they recognize and assume this responsibility in the most full terms, and are using every effort to discharge it, an instance of which they give. The amount in controversy is what the plaintiff claims. Kanouse v. Martin, 15 How. 198. In the present case the complainants allege that they are interested in property of the value of $33,000, that by the action of the defendants this property will be wholly lost to them, and they ask the aid of the court. Whether their claim is valid, either in character or amount, requires the adjudication of the court, upon proper pleading, demurrer, plea, or answer. For the purposes of this motion we must assume that it is well made. The objection to the jurisdiction because of the amount in controversy cannot be sustained. Compare Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 503, 13 Sup. Ct. 416. It is ordered that the complainant have leave to file its amended bill as prayed.

The complainant also asks leave to file a supplemental bill. This bill was filed, but objection was made that it was without notice. The defendants up to this time have entered no appearance in this court, and it may be that no notice was necessary. But Mr. Bryan, under his limited appearance, has come in, and has submitted his objections. The object and necessity for notice have been attained. This is a matter within the discretion of the court. If in the exercise of its discretion the court should refuse to permit the supplemental bill to be filed, complainant may be without remedy. The same result to the defendants cannot arise if permission be given to file the bill. All defenses are still open. The leave asked is granted.