**PADBURY et al.**

v.

**DAIRYMEN'S LEAGUE COOPERA-
TIVE ASS'N, Inc. et al.**

Civ. No. 4714.

United States District Court,
M. D. Pennsylvania.

March 25, 1954.

Israel T. Klapper, Hazleton, Pa., for plaintiffs.

John W. Bour, Eugene Nogi, Scranton, Pa., for defendants.

WATSON, Chief Judge.

Four of the defendants, namely, Dairymen's League Cooperative Association, Inc., Pennsylvania Threshermen & Farmers' Mutual Fire Insurance Company, the Home Insurance Company of New York, and Royal Insurance Company, Limited, moved to dismiss this action because of lack of jurisdiction in this Court. One of the defendants, Herman Rynveld's Son Corp., has moved to dismiss the action on other grounds. The motions came on for hearing and they are now before the Court for disposition.

Four of the defendants contend that there is not a complete diversity of citizenship between plaintiffs on the one hand and all the defendants on the other, and for that reason the Court is without jurisdiction. The averments in the complaint as to citizenship of the parties are vague and indefinite and do not comply with the established rules as to that which should be averred. It was held in Brown v. Keene, 8 Pet. 112, 33 U.S. 112, 8 L.Ed. 885, "The averment of jurisdiction of the United States courts must be positive, and the declaration must expressly state the fact on which such jurisdiction depends; and, where the jurisdiction depends on the diverse citizenship of the parties,

an allegation that defendant is 'a citizen or a resident' of a certain state is insufficient to confer jurisdiction, since, consistently with such averments, he may be either." And it was held in Everhart v. Huntsville Female College, 120 U.S. 223, 7 S.Ct. 555, 30 L.Ed. 623, that an averment that a party is "of" or a "resident" or an "inhabitant" of a particular state is not sufficient. It must be alleged that he is a citizen. For jurisdictional purposes, a corporation is regarded as a citizen only of the state wherein it was incorporated regardless of where it does business.

Furthermore, the complaint in other respects is vague and ambiguous to such an extent that a responsive pleading cannot reasonably be framed. But before the action is dismissed, the plaintiffs should be given an opportunity to file an amended complaint containing proper averments of jurisdiction and such a complaint that a responsive pleading can reasonably be framed. The defendants should be given an opportunity to renew their motions to dismiss when the amended complaint is filed.