TEXACO–CITIES SERVICE PIPE LINE COMPANY and Clell Hedgpeth and Frank Stewart, d/b/a Hedgpeth and Stewart, Appellants,

v.

AETNA CASUALTY & SURETY COMPANY, Appellee.

No. 16438.

United States Court of Appeals Eighth Circuit.

Oct. 20, 1960.

B. H. Clampett, Springfield, Mo., for appellants. Glenn A. Burkart and Mann, Walter, Powell, Burkart & Weathers, Springfield, Mo., Walker, Daniel, Clampett, Rittershouse & Ellis, Springfield, Mo., and William T. Powers, Jr., Springfield, Mo., on the brief.

Flavius B. Freeman, of Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., for appellee.

Before SANBORN, WOODROUGH and MATTHES, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the appellee, a third party defendant in the District Court, in what purports to be a diversity case. We are concerned with the question of jurisdiction.

---

4. Johnson v. United States, 318 U.S. 189, 200, 63 S.Ct. 549, 87 L.Ed. 704, rehearing denied 318 U.S. 801, 63 S.Ct. 826, 87 L.Ed. 1164.

A federal appellate court in a case under review must satisfy itself not only of its own jurisdiction, but also of that of the District Court. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; Illinois Terminal R. Co. v. Friedman, 8 Cir., 208 F.2d 675, 676; Kern v. Standard Oil Company, 8 Cir., 228 F.2d 699, 701 and cases cited. See, also, Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. It is diversity of citizenship and not diversity of residence which gives a federal court jurisdiction in a case where the requisite jurisdictional amount is in controversy. 28 U.S.C. § 1332.

In this case it appears from the amended complaint, filed May 27, 1958, that the plaintiff, Texaco-Cities Service Pipe Line Company (an appellant), is a Delaware corporation "and that defendants, Clell Hedgpeth and Frank Stewart, are residents of Christian County, Missouri," and that $10,000 is in controversy.

"An averment of residence is not the equivalent of an averment of citizenship, for the purposes of jurisdiction in the courts of the United States." Everhart v. Huntsville College, 120 U.S. 223, 7 S.Ct. 555, 30 L.Ed. 623; Shafer v. Children's Hospital Soc. of Los Angeles, Cal., 105 U.S.App.D.C. 123, 265 F. 2d 107, 121; Padbury v. Dairymen's League Cooperative Ass'n, Inc., D.C.M. D.Pa., 119 F.Supp. 738. Allegations of jurisdiction which are defective should be discovered and corrected in the District Court.

Section 1653, Title 28 U.S.C., provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

The appellants are granted twenty days in which to amend their pleadings to show that, in fact, diversity jurisdiction did exist. If jurisdiction is established, the case will be decided on the merits without further argument; otherwise it will be remanded for dismissal.