Matthew **BRUNK**, Plaintiff,

v.

**GRAYBAR ELECTRIC CO., INC.,** and Cindy Kruse, Tim Vandenberg, and Cindy Paschke, individually and in their corporate capacities, Defendants.

No. 4:10–cv–116.

United States District Court,
S.D. Iowa,
Central Division.

May 17, 2010.

Melissa C. Hasso, Mark D. Sherinian, Sherinian & Walker, West Des Moines, IA, for Plaintiff.

G. Nicole Hininger, Donald S. Prophete, Ogletree Deakins Nash Smoak & Stewart PC, Kansas City, MO, Brian Lee McDermott, Ogletree Deakins Nash Smoak & Stewart PC, Indianapolis, IN, for Defendants.

## ORDER ON MOTIONS

ROBERT W. PRATT, Chief Judge.

Before the Court are the following motions: 1) a Motion to Dismiss, filed by Defendants Cindy Kruse ("Kruse"), Cindy Paschke ("Paschke"), and Tim Vandenberg ("Vandenberg") (collectively referred to as the "individual Defendants"), on April 8, 2010 (Clerk's No. 9); 2) a Motion to Remand, filed by Plaintiff, Matthew Brunk ("Plaintiff") on April 19, 2010 (Clerk's No. 13); 3) an Amended Motion to Remand,

filed by Plaintiff on April 23, 2010 (Clerk's No. 14); and 4) a Motion for Leave to File Second Amended Petition at Law and Jury Demand, filed by Plaintiff on May 14, 2010 (Clerk's No. 19). Plaintiff filed a resistance to the individual Defendants' Motion to Dismiss on April 23, 2010. Clerk's No. 15. The individual Defendants, along with Graybar Electric Co., Inc. ("Graybar") (collectively "Defendants") filed a combination Reply to Plaintiff's resistance and resistance to Plaintiff's Motions to Remand on May 7, 2010. Clerk's No. 18. Plaintiff filed a Reply brief in support of the Motions to Remand on May 14, 2010. Clerk's No. 20. The matters are fully submitted.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the present action in the Iowa District Court for Polk County on February 12, 2010. *See* Clerk's No. 1. In his state court Petition, initially asserted against only Graybar Electric Co, Inc. ("Graybar"), Paschke, and Vandenberg, Plaintiff alleged that he was employed by Graybar from December 31, 2007 to January 15, 2010. Petition ¶ 5. Plaintiff contends that he was injured during the course of his employment, pursued a worker's compensation claim, and was discharged as retaliation for pursuing such a claim. *Id.* ¶¶ 6–8. On March 16, 2010, Plaintiff filed an Amended Petition in the state court action. *See* Clerk's No. 6. The Amended Petition added Kruse as a Defendant and contained expanded factual allegations. *Id.* Specifically, the Amended Petition asserted that Kruse, Vandenberg, and Paschke were all "managerial or supervisory employee[s] who personally participated in the unlawful employment actions" against Plaintiff. *See* Am. Petition ¶¶ 5–7.

On March 18, 2010, before it received notice that Plaintiff had filed an Amended Petition, Defendants removed Plaintiff's action to this Court, contending that removal is proper because the Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332. *See* Clerk's No. 1. Specifically, Defendants' Notice of Removal alleged that Graybar is "a citizen of the State of New York and the State of Missouri," Plaintiff is a "resident of Iowa and is not a resident of either the State of New York or the State of Missouri,"[2] and that the amount in controversy "clearly exceeds $75,000.00, exclusive of interest and costs." Notice of Removal ¶¶ 6–7, 20. Defendants' Notice of Removal also alleges that Paschke is a "resident of Minnesota" and that Vandenberg is a "resident of the State of Iowa."[3] *Id.* ¶¶ 8–9. Defendants acknowledge that Vandenberg's citizenship is the same as Plaintiff's, but contend that the Court "should disregard his citizenship

1. Defendants have not yet filed a resistance to Plaintiff's Motion for Leave to File Second Amended Petition at Law and Jury Demand. The Court need not await a resistance on the motion, however, because it lacks jurisdiction to entertain it, as discussed *infra*.

2. Defendant does not allege the *citizenship* of Plaintiff, but rather alleges simply that Plaintiff is a "resident" of Iowa. Notice of Removal ¶ 7. Pursuant to 28 U.S.C. § 1332(a)(1), for diversity purposes an "averment of residence is not an averment of citizenship for purposes of jurisdiction in the courts of the United States." *Everhart v. Huntsville Coll.*, 120 U.S. 223, 224, 7 S.Ct. 555, 30 L.Ed. 623 (1887);

see also *Texaco–Cities Serv. Pipe Line Co. v. Aetna Cas. & Sur. Co.*, 283 F.2d 144, 145 (8th Cir.1960). Nonetheless, the Court is satisfied that Plaintiff is a citizen of Iowa given Plaintiff's own statement in the Petition that he is a "citizen and resident of Des Moines, Warren County, Iowa." Petition ¶ 3.

3. As noted, an averment of residency is not sufficient to establish citizenship for purposes of diversity jurisdiction. Regardless, for purposes of the present motions, the Court will presume that Defendants are asserting that Paschke is a *citizen* of Minnesota and that Vandenberg is a *citizen* of Iowa.

for purposes of diversity" because both Vandenberg and Paschke have "been fraudulently joined in this lawsuit." *Id.* ¶ 9. On March 29, 2010, Defendants filed a "Supplementation of Removal," wherein they acknowledge receipt of Plaintiff's March 16, 2010 Amended Petition. *See* Clerk's No. 6. In their supplement, Defendants admit that Kruse is "a resident of the State of Iowa,"[4] but maintain that the Court should disregard her citizenship in determining whether diversity jurisdiction exists because "she has been fraudulently joined in this lawsuit because there is no individual liability for Plaintiff's work comp retaliation claim." Supp. Notice of Removal ¶ 7.

## II. LAW AND ANALYSIS

### A. *Plaintiff's Motions to Remand*

The only distinction between Plaintiff's Motion to Remand (Clerk's No. 13) and Plaintiff's Amended Motion to Remand (Clerk's No. 14) is that in the Amended Motion to Remand, Plaintiff states that "Defendants removed this case without adequate research of Iowa law and thereby caused Plaintiff to incur unnecessary costs in moving to remand the case back to state court and resisting Defendants' baseless Motion to Dismiss." Clerk's No. 14 ¶ 13. Accordingly, Plaintiff requests that the Court award costs and expenses in Plaintiff's favor, pursuant to 28 U.S.C. § 1447(c). *Id.* ¶ 14.

■ Defendants removed the present case to federal court pursuant to 28 U.S.C. § 1441, which provides that a claim filed in state court may be removed if it originally could have been brought in federal court. A removed case will be remanded to state court, however, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28

U.S.C. § 1447(c). Defendants, as the party opposing remand, bear the burden of establishing the propriety of federal subject matter jurisdiction. *See In re Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993). In this case, there is no dispute that Plaintiff and Graybar are completely diverse and that the amount in controversy exceeds the jurisdictional requisite. Thus, the issue for the Court to determine is whether Plaintiff's joinder of the individually named Defendants was fraudulent, such that the Court should not consider their citizenship in determining whether there is diversity jurisdiction.

■ The Eighth Circuit has held that "a plaintiff may not defeat a defendant's right of removal based upon diversity of citizenship jurisdiction by fraudulently joining a non-diverse defendant." *BP Chems. Ltd. v. Jiangsu Sopo Corp.,* 285 F.3d 677, 685 (8th Cir.2002) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–99, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). " 'Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.' " *Id.* (quoting *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 871 (8th Cir.2002)). The Eighth Circuit has stressed that the primary consideration in determining whether a joinder is fraudulent is "reason":

> [A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defen-

---

**4.** As it did with Paschke and Vandenberg, the Court will presume for purposes of the present motions only that Defendants are assert-

ing that Kruse is a *citizen* of Iowa, rather than a mere resident.

dant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir.1977) (emphasis added). However, if there is a "colorable" cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F.Supp.2d 891, 903 (N.D.Iowa 2000). As we recently stated in *Wiles*, "... joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." 280 F.3d at 871. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir.2003). In the present matter, Defendant argues that Plaintiff's claim of worker's compensation retaliation cannot survive against the individually named Defendants because the Iowa Court of Appeals has explicitly held that such a claim can only be asserted against employers. Defs.' Joint Br. at 2 (citing *Travillion v. Heartland Pork Enters., Inc.*, No. 02–1429, 2003 WL 21464807 (Iowa Ct.App. June 25, 2003)). Plaintiff, on the other hand, counters that he has stated a colorable claim against Kruse, Vandenberg, and Paschke under Iowa law. Pl.'s Br. at 5 (citing *Jasper v. H. Nizam, Inc.*, 764 N.W.2d 751 (Iowa 2009)).

In *Travillion*, an unpublished opinion by the Iowa Court of Appeals, Rodney Travillion brought a claim against his supervisor, Adrian Starbuck, asserting that Starbuck wrongfully discharged him from employment because of absenteeism due to a worker's compensation injury. 2003 WL 21464807, at *4. The Court of Appeals affirmed the district court's dismissal of Travillion's action for failure to state a claim upon which relief may be granted:

Our supreme court has recognized that an employee may bring a cause of action against an employer for wrongful discharge due to the filing of a workers' compensation claim. *Smith v. Smithway Motor Xpress, Inc.*, 464 N.W.2d 682, 685 (Iowa 1990). Iowa Code section 85.18 (1999) states, "No contract, rule, or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this chapter except as herein provided." This section is a clear expression that the public policy of this state is that an employee's right to seek the compensation which is granted for work-related injuries should not be interfered with regardless of the terms of the contract of hire. *Springer v. Weeks & Leo Co., Inc.*, 475 N.W.2d 630, 632 (Iowa 1991). An employer who discharges an employee to avoid paying workers' compensation benefits violates the public policy behind section 85.18. *See Hanna v. Fleetguard, Inc.*, 900 F.Supp. 1110, 1119 (N.D.Iowa 1995).

Travillion asserts the district court erred in concluding a claim for wrongful termination in violation of public policy due to filing a workers' compensation claim could only be brought against an employer and not a supervisor. He concedes there is no Iowa case law supporting his claim. Because Iowa Code chapter 85 applies only to employers, Iowa Code § 85.1 A, we agree with the district court's conclusion. We affirm the district court's order granting Starbuck's motion to dismiss.

*Id.* at *2–3.

Iowa Rule of Appellate Procedure 6.904(2)(c) provides that "[u]npublished opinions or decisions shall not constitute controlling legal authority." While they acknowledge that *Travillion* is an unpublished opinion, Defendants nonetheless

maintain that the case "is the only Iowa decision that specifically addresses the question of whether there is individual liability in a workers' compensation retaliation case." Defs.' Joint Br. at 2. Defendants further argue that Rule 6.904(2)(c) "is not applicable to this Court which applies the Federal Rules of Civil Procedure and its own local procedural rules." *Id.* According to Defendants, "the applicable procedural rules do not give this Court any authority to ignore a state court decision that is directly on point" and "federal courts have no power to designate some opinions as binding and others as not binding." *Id.* at 2–3. Defendants cite *Anastasoff v. United States* in support of this proposition. *Id.* at 3 (citing *Anastasoff,* 223 F.3d 898 (8th Cir.2000)).

■ In *Anastasoff,* the Eighth Circuit determined that Eighth Circuit Rule 28A(I), which declared that "[u]npublished opinions are not precedent," was unconstitutional "insofar as it would allow us to avoid the precedential effect of our prior decisions [or] purports to expand the judicial power beyond the bounds of Article III." *Anastasoff,* 223 F.3d at 900. *Anastasoff,* however, was vacated as moot by a subsequent en banc Eighth Circuit decision. *See Anastasoff v. United States,* 235 F.3d 1054 (8th Cir.2000) (*"Anastasoff II"*). In *Anastasoff II,* the Circuit expressly stated that, in light of the fact that *Anastasoff* was vacated as moot, "[t]he constitutionality of that portion of Rule 28A(I) which says that unpublished opinions have no precedential effect remains an open question in this Circuit." *Anastasoff II,* 235 F.3d at 1056; *see also United States v. Yirkovsky,* 338 F.3d 936, 946 n. 3 (8th Cir.2003) (Heaney, J., dissenting) ("While I have my doubts as to whether a rule such

as 28A(I) can withstand constitutional muster, I recognize that Rule 28A(I) remains binding in this circuit." (internal citations omitted)). Hence, the Court finds that *Anastasoff* is not compelling authority. This conclusion is only bolstered by the fact that current Eighth Circuit Rule 32.1A, published December 1, 2009, provides: "Unpublished opinions are decision which a court designates for unpublished status. They are not precedent." Thus, regardless of whether the Court applies Iowa or Eighth Circuit procedural rules, *Travillion* is not binding and is, at best, persuasive authority.[5]

■ Defendants argue that, "[e]ven if this Court were to determine that unpublished state court decisions are not 'binding,' the decision is *Travillion* still represents a clear indication that Iowa would reject individual liability for workers' compensation retaliation claims." Defs.' Joint Br. at 3. In light of *Jasper,* discussed below, the Court does not agree that *Travillion* presents a "clear indication" that Iowa Courts would reject liability against the individual Defendants for Plaintiff's state law claim. Even if the Court agreed with Defendants' assertion in this regard, however, an "indication" falls far short of compelling a conclusion that Iowa law makes it *"clear"* that Plaintiff's state court Petition does not state a cause of action against the non-diverse individual defendants in this case. *Filla,* 336 F.3d at 810 (emphasis in original). Indeed, the standard for determining whether an individual defendant has been fraudulently joined specifically provides that joinder is not fraudulent if "state law *might* impose liability on the resident defendant under the facts alleged," i.e., if the claim is "color-

---

5. Defendants also cite *United States v. Goldman,* 228 F.3d 942 (8th Cir.2000), and *Gordon v. Ottumwa Community School,* 115 F.Supp.2d 1077 (S.D.Iowa 2000), in support

of its position that unpublished opinions are binding. Both of those opinions, however, relied on *Anastasoff* and both were decided prior to the en banc decision in *Anastasoff II.*

able." *Id.* (emphasis added). *Jasper,* the 2009 case cited by Plaintiff, convinces the Court that the Iowa Supreme Court *might* entertain Plaintiff's lawsuit against Kruse, Vandenberg, and Paschke in their individual capacities, notwithstanding the Court of Appeals 2003 holding in *Travillion. See* Pl.'s Br. at 5.

■ In *Jasper,* the Iowa Supreme Court considered a plaintiff's claim of wrongful discharge in violation of public policy. 764 N.W.2d at 757. Jasper claimed that she had been wrongfully discharged from her employment with the defendant's daycare center for refusing to violate Department of Human Services regulations regarding staff-to-child ratios. *Id.* at 759. Recognizing that the tort of wrongful discharge in violation of public policy was adopted "within the context of liability of an employer," the Court went on to note that Iowa courts have a "rich body of law that generally imposes individual liability on corporate officers for their own torts, even when acting in their official corporate capacities." *Id.* at 775 (citations omitted). After significant discussion[6] of the issue, the Iowa Supreme Court eventually concluded that "liability for the tort [of wrongful discharge in violation of public policy] can extend to individual officers of a corporation who authorized or directed the discharge of an employee for reasons that contravene public policy." *Id.* at 777. While the Court recognizes that *Jasper* did not deal specifically with a worker's compensation retaliation claim, it believes that *Jasper's* broad statement regarding potential individual liability for wrongful discharge torts "arguably [provides] a reasonable basis for predicting that the state law might impose liability based upon the facts

involved" in this case. *Filla,* 336 F.3d at 811. For this reason, the Court finds that Plaintiff has stated a colorable claim against Kruse, Vandenberg, and Paschke and that Plaintiff's joinder of these individual Defendants was not fraudulent. Accordingly, since Plaintiff and Defendants Kruse and Vandenberg are all citizens of Iowa, the Court lacks jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the parties are not completely diverse. The matter must, therefore, be remanded to the Iowa District Court for Polk County, Iowa.

■ Title 28 U.S.C. § 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff requests that the Court award it such costs because "Defendant failed to properly research Iowa law regarding individual liability in a wrongful discharge claim," and because Defendant "falsely represented to the Court that *Travillion* is a published case with precedential value when it is not." Pl.'s Br. at 10. Plaintiff contends that an award of costs "will serve as an incentive to Defendants to refrain from making baseless accusations of fraudulent conduct against opposing counsel in the future." *Id.* at 11. The Supreme Court has stated that while an award under § 1447(c) is within a court's sound discretion, the determination should "should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an ob-

---

6. The Iowa Supreme Court recognized that the "very purpose of the [wrongful discharge in violation of public policy] tort is designed to alter the dynamics of the management of personnel by encouraging management to make decisions consistent with fundamental principals of public policy and by giving employees the freedom to refuse to follow management decisions inconsistent with such policy." *Jasper,* 764 N.W.2d at 776.

jectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). In this case, the Court agrees with Plaintiff that Defendants acted improperly in removing the action on the basis of fraudulent joinder. While Defendants' citation to *Travillion* has superficial appeal, a simple review of relevant case law would have revealed that *Travillion* is not binding precedent under either Iowa or Eighth Circuit law.[7] Moreover, case law on fraudulent joinder makes clear that "[w]hen determining if a party has been fraudulently joined, a court considers whether there is *any reasonable basis in fact or law* to support a claim against a nondiverse defendant." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir.2010) (emphasis added). Given *Jasper's* succinct statement that "the purpose of the tort [of wrongful discharge in violation of public policy] will clearly be better served if corporate decision makers are held to the same standard of responsibility imposed on corporate actors for other tortious conduct," and its ultimate holding that "liability for the tort *can extend* to individual officers of a corporation who authorized or directed the discharge of an employee for reasons that contravene public policy," the Court is hard-pressed to imagine a scenario wherein Defendants should not have realized that Plaintiff's claim is at least colorable, particularly given that *Travillion* is unquestionably not binding authority.[8] *Jasper*, 764 N.W.2d at 775–76 (emphasis added). Accordingly, Defendants shall reimburse Plaintiff for the "just costs and any actual expenses, including attorney fees" incurred by Plaintiff as a result of the improvident removal.

## B. *Motion to Dismiss and Motion for Leave to File Amended Petition*

In light of the Court's determination that it lacks jurisdiction over the present action, it has no authority to consider Defendants' Motion to Dismiss. For the same reason, the Court also lacks jurisdiction over Plaintiff's Motion for Leave to File Second Amended Petition at Law and Jury Demand.

## III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand (Clerk's No. 13) and Plaintiff's Amended Motion to Remand (Clerk's No. 14) are GRANTED. The Clerk of Court is directed to remand the matter to the Iowa District Court for Polk County, Iowa. Defendants are ordered to pay Plaintiff's costs and expenses, including attorney's fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c). The parties shall make every effort to agree upon and resolve the matter of Plaintiff's reasonable costs and expenses, including attorney's fees, without

---

7. Indeed, the Court is particularly troubled by the fact that Defendants cite *Anastasoff* for the assertion that this Court "*must* consider all opinions for their precedential value," despite the fact that Defendants clearly were aware that *Anastasoff* was vacated by an en banc rehearing. *See* Defs.' Joint Br. at 3 (citing *Anastasoff* with the specific notation "opinion vacated as moot on reh'g en banc") (emphasis in original). Even with this clear recognition by Defendants that *Anastasoff* was no longer good law, Defendants nonetheless continued to assert that *Anastasoff* requires the Court to view *Travillion* as binding au-

thority, even though *Anastasoff II* explicitly rejected such a position when it found that "[t]he constitutionality of that portion of Rule 28A(i) which says that unpublished opinions have no precedential effect remains an open question in this Circuit." *Anastasoff II*, 235 F.3d at 1056.

8. Defendants' efforts to distinguish *Jasper* are simply unavailing. *Jasper* was decided in the context of precisely the same tort at issue in this case, and clearly opened the door to the possibility of individual liability thereunder. *See Jasper*, 764 N.W.2d at 775–76.

court intervention. In the event they cannot agree, however, they may submit the dispute to the Court by way of an application and resistance, filed pursuant to Federal Rule of Civil Procedure 54. The Court declines to consider Defendants' Motion to Dismiss (Clerk's No. 9) and Plaintiff's Motion for Leave to File Second Amended Petition at Law and Jury Demand (Clerk's No. 19) for lack of jurisdiction.

IT IS SO ORDERED.