**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1213**

LENA HARDAWAY,

             Plaintiff – Appellant,

        v.

CHECKERS DRIVE-IN RESTAURANTS, INC.; CHECKERS/RALLY
RESTAURANT; ADVENTURES THREE INC.; DOUGLAS S. GORDON
INSURANCE SERVICES; JOHN DOE INSURANCE COMPANY; IMOGENE F.
HOLMES; DOES 1-25,

             Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Roger  W.  Titus, District Judge.
(8:11-cv-01575-RWT)

Submitted:  June 14, 2012              Decided:  June 20, 2012

Before KING, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Lena Hardaway, Appellant Pro Se.   Richard E. Schimel, BUDOW &
NOBLE, PC, Bethesda, Maryland, for Appellee Checkers Drive-In
Restaurants, Inc.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lena Hardaway appeals from the district court's order dismissing her civil suit for lack of diversity jurisdiction. On appeal, Hardaway contends that the district court erred by failing to permit her to file an amended complaint "correcting" her own domicile allegations and dropping nondiverse defendants. We vacate the district court's order and remand for further consideration.

District courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and when the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2006). A party seeking to invoke diversity jurisdiction has the burden of showing complete diversity of citizenship. See Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972). The presence of a defendant who is a citizen of the same state as the plaintiff destroys complete diversity and, therefore, federal jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691 (4th Cir. 1978).

Here, the district court found that Hardaway's attempt to amend her complaint was not permitted given the general rule that complete diversity between the plaintiffs and the defendants must exist at the time the complaint is filed. See

2

<u>Grupo Dataflux v. Atlas Global Group</u>, 541 U.S. 567, 570 (2004). However, Fed. R. Civ. P. 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 21 invests a district court "with authority to allow a dispensable nondiverse party to be dropped at any time." <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 832 (1989) (former version of Rule 21). In fact, if the nondiverse defendants are severable and their dismissal will not prejudice the remaining defendants, the jurisdiction of the court should be retained, and the suit dismissed as to the nondiverse defendants. <u>Id.</u> at 835; <u>see also</u> <u>Koehler v. Dodwell</u>, 152 F.3d 304, 308 (4th Cir. 1998) (recognizing the well-settled rule that "a [dispensable] party . . . whose presence deprives the court of jurisdiction may be dropped or severed from the action" to preserve jurisdiction); <u>Caperton</u>, 585 F.2d at 691-92 (same).

Accordingly, we find that the district court erred by determining that the "time of filing rule" was applicable and without exception. Instead, the court should have determined whether the defendants sought to be dropped were dispensable parties, whether dropping these defendants would result in diversity jurisdiction, and whether the remaining defendants would be prejudiced by their dismissal. Because the record does not contain full argument on this issue or on the issue of whether Hardaway should be permitted to "correct" her own

3

domicile allegations,[*] we vacate the district court's order and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] "An averment of residence is not the equivalent of an averment of citizenship, for the purposes of jurisdiction . . . Allegations of jurisdiction which are defective should be discovered and corrected in the District Court."  Texaco-Cities Serv. Pipe Line Co. v. Aetna Cas., 283 F.2d 144, 145 (8th Cir. 1960).